No. 44,183

Roy E. James, et al., *Appellants*, v. The City of Pittsburg, Kansas, A Municipal Corporation, et al., *Appellees.*

(407 P. 2d 503)

Opinion filed November 6, 1965.

*Rollie P. Emmitt, Jr.,* of Pittsburg, argued the cause and was on the brief for the appellants.

*Charles H. Menghini,* of Pittsburg, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

Fontron, J.: This is an action questioning the validity of an ordinance of the City of Pittsburg, Kansas, purporting to annex certain land to the city. The plaintiffs are the individual owners of a majority of the tracts or parcels of land lying within the area sought to be annexed. The trial court entered judgment in favor of the defendants, who are the City of Pittsburg and its commissioners, and the plaintiffs have perfected this appeal from that judgment. For convenience, the appellants will be designated as plain-

tiffs throughout this opinion, and the defendants will be referred to collectively as the city.

Before proceeding to the merits of the appeal itself, we pause to note the city's contention that plaintiffs are not the proper parties to maintain this action. This point was first raised by the city in the lower court by a motion to dismiss the action. That motion was overruled by the trial court but was again submitted by the city at the conclusion of plaintiffs' evidence, at which time it was again overruled. The city has filed no cross-appeal from either ruling.

K. S. A. 60-2103 (*h*) provides as follows:

"When notice of appeal has been served in a case and the appellee desires to have a review of rulings and decisions of which he complains, he shall within twenty (20) days after the notice of appeal has been served upon him and filed with the clerk of the trial court, give notice of his cross-appeal."

A similar predecessor statute, G. S. 1949, 60-3314, has been construed by this court as requiring an appellee to file a cross-appeal before he can present adverse rulings for review. (*Giltner v. Stephens,* 163 Kan. 37, 47, 180 P. 2d 288; *Gould v. Robinson,* 181 Kan. 66, 70, 309 P. 2d 405.) Inasmuch as the city gave no notice of cross-appeal, as provided by statute, its contention, as we have hereinbefore stated it, is not properly before us and may not be considered.

Turning to the merits of this controversy, it may be said that the facts are not seriously in dispute. Neither are they complicated. On November 18, 1963, the city adopted ordinance G-47 purporting to annex a tract of land described as Acme Investment Company's Subdivision of the East Half (E ½) of the Southwest Quarter (SW ¼) of Section Twenty-one (21), Township Thirty (30), Range Twenty-five (25) East, Crawford County, Kansas. The subdivision is divided into 15 lots numbered 1 to 15, inclusive, with each lot containing 5 acres. The total area of the subdivision is 75 acres. The majority of the lots are individually owned, while the largest area under a single ownership (being Lots 4, 5, and 6) contains 15 acres. The western boundary of Acme Subdivision adjoins the city limits of Pittsburg on Water Street, and the west boundary lines of all of the 15 lots within the subdivision also abut on the city limits.

The annexation proceedings were attempted under the provisions of G. S. 1949, 13-1602, (now K. S. A. 13-1602) which in effect outlines four circumstances under which a city may annex territory. This statute, in pertinent part, reads:

"Whenever any land adjoining or touching the limits of any city has been subdivided into blocks and lots, or whenever any unplatted piece of land lies

within (or mainly within) any city, or any tract not exceeding twenty acres is so situated that two thirds of any line or boundary thereof lies upon or touches the boundary line of such city, said lands, platted or unplatted, may be added to, taken into and made a part of such city by ordinance duly passed. . . .

"In adding territory to any city, if it shall become necessary, for the purpose of making the boundary line straight or harmonious, a portion of a piece of land may be taken into such city, so long as such portion of the piece taken in does not exceed twenty acres . . ."

On oral argument, counsel for the city conceded that the area involved in this lawsuit is not a platted area within the definitions of 13-1602, *supra*. In such concession, counsel was eminently correct. In *State, ex rel., v. City of Kansas City*, 181 Kan. 870, 317 P. 2d 806, this court held that a "block" was a space or an area which was surrounded or enclosed by streets. Such, of course, is not true of Acme Subdivision; it is bordered by one street only— Water Street.

Neither does the city seriously contend that the area sought to be annexed lies within (or mainly within) Pittsburg, nor that the territory is necessary to straighten a municipal boundary line. The basis on which the city seeks to defend its annexation of Acme Subdivision is that the circumstances bring the case within that portion of 13-1602, *supra*, which authorizes a city to annex any tract not exceeding 20 acres, where two thirds of any line or boundary of the tract lies upon or touches the city boundary.

The plaintiffs vigorously dispute the validity of the city's contention in such regard. Although it is obvious from the record that the entire west line of Acme Subdivision lies upon the city's boundary, the plaintiffs emphatically point out that the area concerned far exceeds 20 acres, being 75 acres in extent. In response, the city advances this argument: That none of the severally owned lots or tracts within the subdivision exceed 20 acres in extent, the largest being but 15 acres; that the entire western boundary of each lot lies upon and touches the city's boundary; that since each of the several lots or tracts is less than 20 acres in extent and borders on the city boundary, each could have been annexed separately as an individual lot or tract; and, hence, that the city possessed the power to annex by one act the entire area comprising all the tracts or lots.

We are not impressed with the logic of this argument. The simple answer to such a contention is that the city did not attempt, in Ordinance G-47, to annex separate individual lots or tracts of 5, or even 15 acres, but sought, instead, to annex a single unplatted

tract consisting of 75 acres. In its enactment of Ordinance G-47, attempting to annex Acme Subdivision as one tract, the city went beyond and exceeded the clear and explicit grant of authority contained in G. S. 1949, 13-1602.

A municipal corporation is a creature of the legislature and can exercise only such powers as are conferred by law or such as may necessarily be implied to effectuate the powers specifically granted. (*State v. Hannigan,* 161 Kan. 492, 170 P. 2d 138; *City of Garden City v. Miller,* 181 Kan. 360, 311 P. 2d 306.) In *State, ex rel., v. City of Topeka,* 175 Kan. 488, 264 P. 2d 901, a case which, like the present action, involved the interpretation of 13-1602, *supra,* we held:

"Cities are creations of the legislature and can exercise only the power conferred by law, they take no power by implication, and the only power they acquire in addition to that expressly granted is that necessary to make effective the power expressly conferred." (Syl. ¶ 2.)

The city places its principal reliance on *City of Ottawa v. Goff,* 177 Kan. 374, 279 P. 2d 293. In our view, that case is distinguishable from the one at bar, but due to the importance which the city attaches to the case, we feel obliged to analyze it at some length.

The facts in the Ottawa case were these: The city sought to annex land pursuant to G. S. 1949, 12-501 and 12-502 (now K. S. A. 12-501 and 12-502), which provide a different procedure than 13-1602, *supra.* Section 12-501 provides that when a city desires to enlarge its limits, it shall present a petition to the board of county commissioners describing by metes and bounds the territory sought to be added, and asking the board to make a finding as to the advisability of adding said territory to the city. Section 12-502 requires notice of time and place of hearing to be given and upon hearing, if the board is satisfied the addition of the territory will be to the city's interest and will cause no manifest injury to property owners in the affected area, it shall so find and the city may enlarge its boundaries accordingly. Section 12-502 contains a proviso that no unplatted territory of over 20 acres shall be taken into the city over the protest of the *owner* thereof, (except under circumstances not here material).

In its petition, the city sought annexation of an area containing 56.74 acres comprising 39 tracts, the largest containing 6.05 acres. Written protests were filed by owners of 28 of the 39 tracts, whose combined area totaled 39.63 acres. The protesting landowners contended that their combined ownership of more than 20 acres

within the territory sought to be added satisfied the statutory provision that no territory should be taken into the city over the protest of the *owner* of more than 20 acres.

The court rejected this contention, pointing out that the statutory proviso referred to *owner* in the singular, not to *owners* in the aggregate, and since no single protestor owned more than 20 acres, the combined protests of 28 *owners* did not come within the proviso. Hence, their combined protests were held to be unavailing, despite the aggregate of their acreage. It seems apparent that the decision hinged on the proper construction of the term *owner*, as opposed to *owners*.

We believe there is a clear distinction between this and the Ottawa case. Not only are different statutes involved, but more importantly, 13-1602, *supra*, deals with the annexation of tracts over 20 acres, as such, without regard to ownership, while the proviso in 12-502, *supra*, makes ownership of tracts containing more than 20 acres the determining factor in testing the validity of protests filed against their annexation. The two concepts are not the same; one resting on ownership, the other on area.

It is our considered judgment that in its attempt to annex Acme Investment Company's Subdivision, the city exceeded the powers granted in G. S. 1949, 13-1602, and that Ordinance G-47 is, therefore, invalid.

The judgment of the district court is reversed and this case is remanded with directions to enter judgment in favor of the plaintiffs.