No. 46,664

STATE OF KANSAS, *ex rel.,* RICHARD A. MEDLEY, County Attorney of Montgomery County, Kansas, *Appellant,* v. CITY OF COFFEYVILLE, a municipal corporation, *Appellee.*

(508 P. 2d 1007)

Opinion filed April 7, 1973.

*Tom Crossan,* special assistant county attorney, argued the cause, and *Richard A. Medley,* county attorney, was with him on the brief for the appellant.

*Joe L. Levy,* city attorney, argued the cause, and was on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: This is an action challenging the validity of the annexation of certain land to the city of Coffeyville. Trial to the court resulted in a judgment for the city, from which the plaintiff has appealed.

The pertinent facts are not in dispute. By its ordinance No. 5515 the city sought to annex numerous tracts of land lying west of the city, the region being commonly known as West Coffeyville. The property included platted subdivisions, unplatted tracts of varying acreage and land owned by the state. The trial court upheld the annexation of the platted land, the state-owned land and five tracts each containing less than twenty acres of the unplatted land, which unplatted tracts each adjoined the existing city boundary, and it voided the annexation of the remaining unplatted tracts. The city has not appealed from this latter ruling and it is of no concern here.

The annexation proceeding was brought pursuant to legislation enacted in 1967 which has not previously been the subject of consideration by this court. Brief history of this legislation may be helpful. In 1965 the legislature adopted a concurrent resolution directing the legislative council to make a study of the laws concerning city annexation and to report any recommended legislation to the 1967 legislative session (Laws, 1965, Chap. 126). After preliminary consideration of the problem presented the legislative council in turn requested the League of Kansas Municipalities to prepare a draft bill which would correct certain deficiencies noted in the then current annexation statutes. The League complied with this request and submitted a proposed draft which was later embodied in House Bill No. 1333, introduced in the 1967 legislative session (see 17th Biennial Report and Recommendations of the Kansas Legislative Council, Part I, Proposal No. 11, p. 55). The League also prepared printed items entitled "House Bill No. 1333 General Explanation", dated March 28, 1967, and "Notes on HB 1333" which contained explanatory footnotes to various items contained in the bill. From all the foregoing it is readily apparent that that which was sought was a single, comprehensive enactment under which reasonably expeditious annexation to cities might be had.

With certain omissions and other changes not here material the 1967 legislature enacted the proposed legislation (Laws, 1967, Chap. 98), which now appears as K. S. A. 1972 Supp. 12-519, *et seq.*

The present annexation was had under the following two sections of that act.

K. S. A. 1972 Supp. 12-519 provides in part:

"*Definitions.* As used in this act: (*a*) 'Tract' means a single unit of real property under one ownership, outside the corporate limits of a city, platted and/or unplatted. . . .

"(*b*) 'Land' means a part of a tract or one or more tracts.

. . . . . . . . . . . . . .

"(*d*) 'Adjoins' means to lie upon or touch (1) the city boundary line; or (2) a highway, railway or watercourse which lies upon the city boundary line and separates such city and the land sought to be annexed by only the width of such highway, railway or watercourse.

"(*e*) 'Platted' means a tract mapped or drawn to scale, showing a division or divisions thereof, which map or drawing is filed in the office of the register of deeds by the owner of such tract."

K. S. A. 1972 Supp. 12-520 provides in pertinent part:

"*Conditions which permit annexation; ordinance; validity.* The governing body of any city may by ordinance annex land to such city if any one or more of the following conditions exist:

"(*a*) The land is platted, and some part of such land adjoins the city.

. . . . . . . . . . . . . .

"(*c*) The land adjoins the city and is owned by or held in trust for any governmental unit other than another city.

"(*d*) The land has a common perimeter with the city boundary line of more than fifty percent (50%).

. . . . . . . . . . . . . .

"(*f*) The tract is so situated that two-thirds (⅔) of any boundary line adjoins the city, except no tract in excess of twenty (20) acres shall be annexed under this condition.

. . . . . . . . . . . . . .

"The governing body of any city may by one ordinance annex one or more separate tracts or lands each of which conforms to any one or more of the foregoing conditions. The invalidity of the annexation of any tract or land in one ordinance shall not affect the validity of the remaining tracts or lands which are annexed by such ordinance and which conform to any one or more of the foregoing conditions."

Some general observations respecting this new legislation as found in the cited material prepared for the legislature by the League of Kansas Municipalities may be in order: For the first time in annexation law in this state terms are defined so that they have standard meaning. "Tract" is the specific term used to describe a single piece of land, platted or unplatted, under one ownership. It is determined in size by ownership (12-519 [*a*]). "Land" is given the broadest possible meaning (12-519 [*b*]). For purposes of annexation any tract mapped or drawn to scale, showing

a division or divisions thereof, filed by the owner with the register of deeds, is "platted", regardless of whether streets, alleys or blocks are shown (12-519 [e]). Thus the definition of "platted" is broadened considerably from that heretofore judicially ascribed to it under prior annexation statutes (see, *e. g., State, ex rel., v. City of Kansas City*, 181 Kan. 870, 317 P. 2d 806, and *James v. City of Pittsburg*, 195 Kan. 462, 407 P. 2d 503, which held that land to be platted must be subdivided into blocks, streets, and/or alleys). Many present day subdivisions have few streets and no alleys. There are often no "blocks" in the traditional meaning of the word. For platted land to be annexed some part of it must adjoin the city. Use of the term "land" permits the taking of several tracts without regard to ownership, so long as the land is platted (12-520 [a]). Publicly owned land adjoining a city, not owned by another city, may be annexed (12-520 [c]). An unplatted tract of not more than twenty acres may be annexed where it is so situated that two-thirds of any boundary adjoins the city (12-520 [f]). The proviso that a city by one ordinance may annex one or more separate tracts or lands each of which conforms to any one of the prescribed conditions for annexation (last paragraph of 12-520), permits consolidation of separate annexations in one procedure, thereby saving time and expense. The procedure is permissive but is not intended to permit annexation of any lands which depend on the completion of other pending annexations before the conditions for annexation exist (see also League of Kansas Municipalities, "ANNEXATION, A Manual For City Officials In Kansas", Revised May, 1970). These views appear harmonious with the statutory language and worthy of consideration as reflection of legislative intent.

We turn now to the factual posture of the land sought to be annexed. Hadsell's Subdivision adjoins the existing city limits on the north. This platted area consists of eight blocks, each of which contains five lots. It has streets but no alleys. It is adjoined on the north by Outlots 1, 2, 3 and 4. This latter area is platted (as revealed by pretrial stipulation of the parties respecting exhibits) but contains only one street and no blocks or alleys.

Immediately to the west of the southernmost tier of lots in Hadsell's Subdivision there are five unplatted tracts of land. Each of these tracts contain less than twenty acres and the entire south boundary of each adjoins the existing city limits.

Aker's Subdivision adjoins the westernmost tract of the un-

platted tracts just mentioned and it also adjoins the existing city limits on the north. Aker's is platted and consists of four blocks containing a total of thirty-nine lots. Aker's contains streets but no alleys.

On the west Aker's is adjointed by Witwer's Subdivision, a platted area of five blocks containing a total of forty-two lots. Witwer's has streets but no alleys. Two of these streets touch a street within the existing city limits. The land owned by the state lies along the southwest side of Witwer's and south of the western-most portion of Aker's and adjoins a small portion of the existing city limits.

On its north side Aker's Subdivision is adjoined by County Clerk's Subdivision. County Clerk's has streets and is divided into thirty-five rectangular numbered tracts. It has neither blocks nor alleys.

In turn County Clerk's is adjoined on a portion of its north boundary by Sunny Slope Addition, a platted area in the form of a long cul-de-sac containing one street and twenty-two lots but no blocks or alleys.

Recapituling, and proceeding from east to west along the city limits, the existing city boundary adjoins (in the sense of lies upon) first, a contiguous body of platted land consisting of Hadsell's Subdivision and Outlets 1 to 4; second, five unplatted tracts of less than twenty acres each; third, a contiguous body of platted land consisting of Aker's, Witwer's and County Clerk's Subdivisions and Sunny Slope Addition; and finally, the state-owned property.

The principal thrust of appellant's argument is directed against the annexation of the platted land. The argument boils down to this: That no more than the southernmost tier of lots in Hadsell's and Aker's which actually lie along the existing city boundary can be annexed; that none of the lots in the other platted areas can be taken inasmuch as those areas are not legally platted because of the lack either of blocks or alleys or both; that this annexation should be invalidated because on the next round the city can do something it cannot now do in that it can then annex all the un-platted tracts of land lying between Hadsell's and Aker's by reason of subsection (d) of 12-520 allowing annexation under the common perimeter theory—thus enabling the city to do something indirectly which it cannot do directly. Appellant also points out that nearly all of the tracts in the platted portions are individually owned by different owners.

Appellant's position is untenable. Extension of city boundaries obviously results in more adjacent property being eligible for annexation provided other requisites are met but solution to any problem thereby raised lies in the legislative rather than the judicial arena. The wisdom, necessity or advisability of annexing territory to cities is not a matter for consideration by the courts. The basic function and duty of the courts is to determine whether a city has statutory authority and whether it has acted thereunder in passing an annexation ordinance (*State, ex rel., v. City of Overland Park*, 192 Kan. 654, Syl. ¶ 3, 391 P. 2d 128).

For its contention that the subdivided areas are not legally platted appellant relies on older law dictionary definitions of the term "plat" wherein reference is made to lots, blocks, streets and alleys, and on some of our decisions such as *James v. City of Pittsburg*, supra. As already indicated, the new statutory definition of "platted" must control, rendering any former requirement for blocks or alleys obsolete.

The term "land" means a part of a tract or *one or more tracts*— the broadest definition possible. So long as land is *platted* and some part of such land adjoins the city, the annexation of several tracts without regard to ownership is permitted. This concept is not a break with the past. In *Mason v. Kansas City*, 103 Kan. 275, 173 Pac. 535, the plaintiff challenged the validity of an ordinance annexing her land to the city on the ground, among others, that it did not touch the boundaries of the city. It appears that six platted additions lay between plaintiff's land and the existing city limits and that all seven areas were annexed at the same time. The statute under which annexation was had (G. S. 1915, § 1041) provided:

"Whenever any land adjoining or touching the limits of any city has been subdivided into blocks and lots . . . said [platted] lands . . . may be added to, taken into and made a part of such city by ordinance duly passed."

This court ruled against plaintiff, holding:

"Property consisting of one body of land may be annexed to a city of the first class, if the whole of the tract thus annexed is contiguous to the city, although parts of the tract may be owned by different persons." (Syl. ¶ 1.)

In reaching this decision the court relied on *Hurla v. Kansas City*, 46 Kan. 738, 27 Pac. 143. There a number of platted lands, together with plaintiffs' land, were annexed to the city pursuant to statutory authority which provided that any city of the first class

may enlarge or extend its limits or area by an ordininace specifying with accuracy the new line or lines to which it is proposed to enlarge or extend such limits or area. District court approval of the ordinance prior to its effectiveness were required. Plaintiffs' tract of land was described as:

". . . [O]ne of several tracts that, taken in their entirety, compose a continuous body of land lying contiguous to the prior limits of the city, some of which tracts do adjoin the city, and this tract does adjoin some that adjoin the city limits." (p. 743.)

In upholding the annexation this court held:

"A city of the first class has power to extend and enlarge its boundaries so as to include within it a continuous body of land lying contiguous to the prior limits of said city, when the ordinance providing for such extension is approved by the district court of the county within which said city is situated.

"A city of the first class has the power to enlarge or extend its limits so as to include several tracts of land, some of which adjoin the city, and others adjoining those that do adjoin the city, so as to form one continuous body, but the annexation ordinance must be approved by the district court of the county in the manner and under the conditions and requirements of the statute." (Syl. ¶¶ 1, 2.)

As to the statutory power of the city to annex platted land adjoining the city without reference to the extent of the land so platted the court commented:

". . . [T]his part of the section [is] framed on the theory that by so platting the land the proprietor himself establishes its character as city property, and assents to its absorption by the city." (p. 743.)

Under the 1967 enactment it seems clear, and we so hold, that a city by ordinance may annex a contiguous body of platted land, consisting of one or more tracts, so long as some part of the platted land adjoins the city. The platted portions in question here were properly annexed.

Appellant really presents no challenge to the annexation of the state-owned property and the five unplatted tracts of less than twenty acres each and, indeed, none can properly be made. These properties adjoin (lie upon the boundary line of) the city and are specifically subject to annexation pursuant to subsections (c) and (f), respectively, of 12-520.

Lastly, appellant urges that ordinance No. 5515 is unconstitutional on its face and in its application. Argument advanced in support of this contention amounts to no more than the assertion that applicable statutory law was not followed in the enactment of the ordinance. We have just held to the contrary. No infirmity

appears in the ordinance and more need not be said. The trial court specifically upheld the constitutionality of the statutes in question and no further challenge to that legislation is made upon appeal.

Also interspersed is the argument that other annexation statutes were ignored. The simple answer to this is that the city proceeded under the 1967 enactment which is complete in itself and prior legislation on the subject is irrelevant.

No error appears in the trial court's ruling and the judgment is affirmed.

APPROVED BY THE COURT.