(834 P.2d 387)

No. 66,804

RON TODD, Commissioner of Insurance of the State of Kansas, as Receiver of Farm and Ranch Life Insurance Company, Inc., in Liquidation, *Appellant,* v. LAKELAND CHRYSLER-PLYMOUTH-DODGE, INC., *et al., Appellees.*

Opinion filed January 10, 1992.

*John W. Brand, Jr.,* and *Nanette M. Kraus,* of Stevens, Brand, Lungstrom, Golden & Winter, of Lawrence, for the appellant.

*James L. Grimes, Jr.,* of Cosgrove, Webb & Oman, of Topeka, and *Robert E. Vaughn, Jr.,* of Preuss & Vaughn, P.A., of Tampa, Florida, for the appellees.

Before PIERRON, P.J., LARSON, J., and C. FRED LORENTZ, District Judge, assigned.

PIERRON, J.: Ron Todd, Commissioner of Insurance for the State of Kansas (Commissioner), as receiver of Farm and Ranch Life Insurance Company, Inc., (Farm and Ranch) in liquidation, appeals the decision of the district court that Kansas does not have personal jurisdiction over the defendants in this action to recover alleged unearned commissions. The district court granted the defendants' motion to quash service, and we reverse and remand for further proceedings.

The Commissioner was appointed to be the receiver for Farm and Ranch, an insolvent insurance company placed in liquidation by the Shawnee County District Court. Farm and Ranch had

previously bought the credit life insurance division of Empire Life Insurance (Empire), a Nebraska insurance company. Empire had sold credit life insurance policies to customers of defendants, Lakeland Chrysler-Plymouth-Dodge, Inc., (Lakeland) and Brandon Chrysler-Plymouth, Inc., (Brandon), two Florida car dealerships. After cancelling all of the Farm and Ranch insurance policies, the Commissioner sued defendants to recover unearned premiums. The district court found that Kansas did not have jurisdiction over the defendants, and the Commissioner appeals.

In its journal entry finding that there was no jurisdiction over the defendants, the trial court adopted the defendants' statement of facts as its own findings of fact.

Defendants Brandon and Lakeland were Empire credit life insurance agents from 1982 and 1979, respectively. Credit life insurance pays off the financed price of a car, if the purchaser dies while the car is still financed. The agreements between Empire and defendants were signed in Florida and Nebraska.

Farm and Ranch bought Empire's credit life insurance business effective April 1, 1986. Farm and Ranch sent the defendants assumption certificates, stating it would assume the liabilities and obligations of the Empire policies effective April 1, 1986. The defendants then received cancellation notices from Farm and Ranch cancelling the Empire policies and issuing Farm and Ranch policies effective September 1, 1986.

Throughout the spring and summer of 1987, the defendants had difficulty in obtaining payment of death benefits and reimbursement of customers for cancelled policies. The defendants' attorney wrote to Empire on September 9, 1987, asking for reimbursement for the $13,721.57 the defendants had paid out on Empire's behalf in order "to maintain local integrity and reputation."

Also in September 1987, the Commissioner cancelled all Farm and Ranch policies pursuant to a court order filed on August 27, 1987, finding that Farm and Ranch was insolvent and placing it in liquidation. The defendants were sent notice of the Farm and Ranch liquidation proceedings in October 1987. The notices were on Kansas Insurance Department letterheads. The notices instructed all policyholders that proof of claim forms would be mailed out and that they should be returned to a P.O. Box in

San Antonio, Texas. The plaintiff explains that although the home office of Farm and Ranch was Topeka, Kansas, it had closed that office, and the last office Farm and Ranch used before becoming insolvent was, in San Antonio, Texas.

In November 1987, the circuit court in Leon County, Florida, began a proceeding entitled: "In Re The Ancillary Receivership of Farm and Ranch Life Insurance Company, Inc. a Kansas corporation." That court ordered that all policies of insurance by Farm and Ranch were to remain in full force and effect.

The defendants contend that it is the policy of Florida not to automatically cancel all the policies of an insolvent insurance company because it may be more profitable to continue the policies in force and pay off the few that are actually claimed. The alternative is to cancel all policies, refund all premiums paid in advance, and bill agents who had received their commissions up front and who now owe the insurance company a refund for the commission on the cancelled portion of the policy. If an insurance company becomes insolvent, the Florida Life and Health Insurance Guaranty Association will pay all Florida consumers' claims against the insolvent company. The plaintiff contends that all Florida did was guarantee that its consumers would not be left with worthless insurance policies.

In March 1988, the defendants through their attorney timely submitted the requested proofs of claim to the Farm and Ranch office. The signature lines were left blank and, where the form requested the claimant's name, the car dealerships' names were typed. A letter from the defendants' attorney accompanied the proofs of claim stating in part, "My clients have paid out to date, in excess of $17,000.00 to claimants under Empire Life policies."

Those claims were denied by the Kansas Deputy Receiver, who then made demand upon the defendants for the unearned commissions from the cancelled insurance policies. The defendants resisted those claims saying, first, the insurance policies were not cancelled in Florida, thus they did not owe Farm and Ranch any unearned commissions. Second, they contended they had never sold Farm and Ranch credit life insurance, so they owed nothing to Farm and Ranch. Third, they contended they never had had any contact with Kansas and, therefore, Kansas lacked jurisdiction. Additionally, they asserted their business was

only with Empire, the policies had been continued by the Florida courts, they had been paid the money owed them by Empire through the Florida court system, and they only filed the proofs of claim because it was requested of them and they were not sure of the relationship between Empire and Farm and Ranch.

We must first address the appropriate standard of review.

While the traditional standard of review for findings of fact and conclusions of law is that this court must only determine that the trial court's findings of fact are supported by substantial competent evidence, *Army Nat'l Bank v. Equity Developers, Inc.*, 245 Kan. 3, 19, 774 P.2d 919 (1989), it would appear there is an exception in this case. This court's review of the trial court's conclusions of law is, of course, unlimited. *Hutchinson Nat'l Bank & Tr. Co. v. Brown*, 12 Kan. App. 2d 673, 674, 753 P.2d 1299, *rev. denied* 243 Kan. 778 (1988). So also is our review of the findings of fact in this particular case.

"Where, as here, the controlling facts are based upon written or documentary evidence by way of pleadings, admissions, depositions and stipulations, the trial court has no peculiar opportunity to evaluate the credibility of witnesses. In such a situation, this court on appellate review has as good an opportunity to examine and consider the evidence as did the court below, and to determine de novo what the facts establish." *American States Ins. Co. v. Hartford Accident & Indemnity Co.*, 218 Kan. 563, 572, 545 P.2d 399 (1976).

See *Fourth Nat'l Bank & Trust Co. v. Mobil Oil Corp.*, 224 Kan. 347, 353, 582 P.2d 236 (1978); *Reznik v. McKee*, 216 Kan. 659, 673, 534 P.2d 243 (1975).

The defendants have asserted that the evidence is not entirely documentary in nature as several testimonial affidavits are part of the record. The defendants suggest that this court accord considerable deference to the weight the trial court gave to the testimonial affidavits. Since there is no way to know just how much weight the trial court gave the affidavits, this is an impossible request. The plaintiff is also correct in pointing out that affidavits are quite similar to depositions—both are sworn testimony not given before the trier of fact. *American States*, 218 Kan. 563, clearly holds that, if the evidence is nothing more than pleadings, admissions, *depositions*, and stipulations, this court can review the findings of fact de novo.

After reviewing the evidence before us, it appears that Kansas does have jurisdiction over the matter due to submission by the defendants to the Kansas liquidation proceeding.

Although further discovery would probably add more light to this matter, the essential facts are clear. Empire had sold its credit life business to Farm and Ranch. Farm and Ranch informed the defendants of that fact. Later, a liquidation proceeding was begun in Kansas when Farm and Ranch became insolvent. The defendants were sent proof of claim forms clearly labeled as part of the Farm and Ranch liquidation with no reference to Empire. The defendants claimed $13,610.55 and $4,157.60, respectively, for return of premiums from Farm and Ranch.

There is no dispute that Kansas was the appropriate venue for the liquidation process. The need for giving one state exclusive jurisdiction over insurance liquidation proceedings has long been recognized in the courts. See *Motlow v. Southern Holding & Securities Corp.*, 95 F.2d 721 (8th Cir. 1938); *Ballesteros v. N. J. Prop. Liab. Ins. Guar. Ass'n*, 530 F. Supp. 1367 (D.N.J.), *aff'd* 696 F.2d 980 (3d Cir. 1982); *Hager v. Anderson-Hutchinson Insurance Agency*, No. 86-841-E, slip op. (S.D. Iowa July 19, 1989).

"Experience has demonstrated that, in order to secure an economical, efficient, and orderly liquidation and distribution of the assets of an insolvent corporation for the benefit of all creditors and stockholders, it is essential that the title, custody, and control of the assets be intrusted to a single management under the supervision of one court. Hence other courts, except when called upon by the court of primary jurisdiction for assistance, are excluded from participation. This should be particularly true as to proceedings for the liquidation of insolvent insurance companies . . . ." *Motlow*, 95 F.2d at 725-26; *Ballesteros*, 530 F. Supp. at 1371.

The plaintiff contends that under K.S.A. 60-308(a)(1) service upon a party outside the state who has submitted to the jurisdiction of the courts of Kansas has the force and effect of personal service within this state. The issue is, therefore, whether the return of the claim forms constitutes submission to the courts of Kansas in this matter. Although we have found no cases precisely on point, it appears that the return of the claim forms did precisely that.

It cannot be seriously argued that the defendants did not wish to avail themselves of the liquidation proceeding. They knew of its existence and responded in detail on the forms provided by the receiver, requesting to be paid a total of $17,768.15. Their claim that they believed they were only requesting a share of an asset available from Empire is contradicted by the face of the claim forms they submitted.

Further, the defendants' claim that since they did not sign their claim forms, the forms were invalid, is groundless. Once the claims were received by the receiver the defendants, by their actions, accepted the benefits of, and thus submitted themselves to, the jurisdiction of the Kansas courts. The fact that defendants might be subjected to claims, by the receiver for claimed debts to Farm and Ranch is a risk they took by filing a claim with the court-appointed receiver.

The defendants' claim that an ancillary proceeding in Florida disposed of the issue is similarly groundless. The proceeding in Florida was initiated to protect Florida policyholders and not to adjudicate the issues between the defendants and the receiver.

Plaintiff cites *State ex rel. Low v. Imperial Ins. Co.,* 140 Ariz. 426, 682 P.2d 431 (Ct. App. 1984), in support of its position.

Imperial Insurance Co. was a California medical malpractice carrier which did business in Arizona. The company was placed in receivership in California and several Arizona claimants filed claims. The claimants eventually obtained judgments against physicians insured by Imperial.

Later, an Arizona ancillary receiver was appointed and the same Arizona claimants attempted to file the same claims in the Arizona proceeding. The Arizona Court of Appeals agreed with the California receiver that by voluntarily submitting to the California action claimants were bound by the results in the California courts.

In dicta, the Arizona Court of Appeals stated that California was the only forum where the individual claims could be filed and fully administered. See 140 Ariz. at 433-34. Although the issues are not identical, we believe the facts are similar to the instant case and the same reasoning applies.

The defendants cite the usual Kansas and United States Supreme Court cases of *Internat. Shoe Co. v. Washington,* 326

U.S. 310, 90 L. Ed. 95, 66 S. Ct. 154 (1945); *Volt Deta Resources, Inc. v. Devine,* 241 Kan. 775, 740 P.2d 1089 (1987); and *Misco-United Supply, Inc. v. Richards of Rockford, Inc.,* 215 Kan. 849, 852, 528 P.2d 1248 (1974), in discussing the "minimum contacts" requirements of due process. We stress that our decision is not based on the usual criteria of business activity in the state, but on submission to the authority of the courts in the liquidation process. Whether there were the minimum contacts necessary through the conduct of business to establish jurisdiction is not addressed here. We, therefore, find that jurisdiction is appropriate in Kansas.

Reversed and remanded for further proceedings.