(875 P.2d 997)
No. 70,287

CARLOS CHAVEZ, *Appellee*, v. MICHAEL D. MARKHAM, *Appellant*.
Aff'd 256 Kan. 859, 889 P.2d 122 (1995).

Opinion filed June 10, 1994.

*Paul Hasty, Jr.*, and *Karen A. Seymour*, of Wallace, Saunders, Austin, Brown and Enochs, Chartered, of Overland Park, for appellant.

*Leo L. Logan*, of Boddington & Brown, Chtd., of Kansas City, for appellee.

Before GERNON, P.J., ELLIOTT, J., and DONALD L. WHITE, District Judge Retired, assigned.

GERNON, J.: Michael Markham sued three parties, including Carlos Chavez, for injuries he sustained in a motor vehicle accident. After all claims were settled prior to trial, Markham filed a motion for attorney fees from Chavez, pursuant to K.S.A. 1993 Supp. 60-2006. The district court denied Markham's motion on the ground that his total claim against all defendants in the

case exceeded the statutory maximum of $7,500. Markham appeals that decision.

This lawsuit was previously before the Court of Appeals as *Markham v. Chavez*, No. 68,048, unpublished opinion filed January 8, 1993. The issue in the earlier appeal concerned negligent entrustment of a vehicle and is not relevant to the present case.

## Facts

The lawsuit underlying this appeal arose from a motor vehicle accident involving Markham, Chavez, Harold Bland, Jr., and Charles Chapman. Chapman, who was intoxicated, was driving Chavez' truck when it left the roadway and went into a ditch. Markham saw the truck in the ditch and stopped, pulling his vehicle over on the wrong side of the road. Seconds later, a car driven by Bland approached at a high rate of speed and crashed into Markham's parked vehicle, injuring Markham.

Initially, Chavez filed suit against Markham and Bland to recover $1,226.12 for repairs to his truck. Markham counterclaimed against Chavez for $7,499.99 and cross-claimed against Bland for an amount "in excess of $10,000." Markham moved to add Chapman as a party for the purpose of comparing fault and later cross-claimed against Chapman for $35,000. During the pendency of the litigation, Markham filed a statement of monetary damages in the amount of $35,000. In his answers to interrogatories from Chavez, Markham itemized pecuniary expenses totaling $13,141.73. In a pretrial questionnaire, Markham indicated that his total damages were $42,499.99 and asked that punitive damages be set by a jury.

All parties eventually settled their claims with the exception of the claim for attorney fees by Markham against Chavez. The parties agreed to submit the issue of attorney fees to the district court by way of dispositive motions.

After considering the briefs and hearing oral arguments on the motions, the district court granted Chavez' motion for summary judgment and denied Markham's motion for attorney fees. The court made the following findings of law:

"a. That the court finds that K.S.A. § 60-2006 does embrace Markham's claims for negligent entrustment against Chavez;

"b. That the court finds that Markham is a 'prevailing party' under the provisions of K.S.A. § 60-2006;

"c. That the court finds that Markham's aggregate claims during the course of the litigation exceed the jurisdictional limit of K.S.A. § 60-2006, and for that reason, the court finds that Markham is not entitled to attorney's fees from Chavez under K.S.A. § 60-2006."

Markham timely appealed the district court's denial of his motion. Chavez did not file a cross-appeal.

### Attorney Fees

We must first decide whether the district court erred in denying Markham's motion for attorney fees against Chavez.

K.S.A. 1993 Supp. 60-2006 provides:

"(a) In actions brought for the recovery of damages of less than $7,500 sustained and caused by the negligent operation of a motor vehicle, the prevailing party shall be allowed reasonable attorneys' fees which shall be taxed as part of the costs of the action unless:

(1) The prevailing party recovers no damages; or

(2) a tender equal to or in excess of the amount recovered was made by the adverse party before the commencement of the action in which judgment is rendered.

"(b) This section shall apply to actions brought pursuant to the code of civil procedure and actions brought pursuant to the code of civil procedure for limited actions."

Markham contends that although his aggregate claims during the course of the lawsuit did exceed the $7,500 statutory limit, his only claim against Chavez was for less than $7,500. Markham argues that because his claim against Chavez was below the statutory limit and because he fulfilled all of the other requirements of K.S.A. 1993 Supp. 60-2006, he is entitled to attorney fees.

Chavez responds that Markham made claims of over $7,500 on two documents directed specifically at Chavez, and that in any event, it is the aggregate of Markham's claims that is dispositive.

The district court made no specific finding of fact concerning whether Markham had ever made claims of over $7,500 against Chavez individually. In cases such as this one, however, where the controlling facts are based upon written pleadings and depositions, the appellate court has as good an opportunity to examine the evidence as did the district court and to determine de novo what the facts establish. *Todd v. Lakeland Chrysler-Plymouth-Dodge, Inc.*, 17 Kan. App. 2d 1, 4, 834 P.2d 387 (1992).

In *Faucett v. Kirk*, 227 Kan. 505, 508, 608 P.2d 1306 (1980), the court held that the "highest amount claimed at any time during the pendency of the action by a prevailing party is determinative of whether that party comes within the confines of [K.S.A. 1993 Supp. 60-2006]." The *Faucett* court looked at not only the total amount of damages claimed by the plaintiff at the time of trial, but also at the damages she claimed in pleadings and letters at the very beginning of the litigation. Relying on *Faucett*, Chavez contends that damage claims made by Markham in answer to Chavez' interrogatories and in a pretrial questionnaire exceed the $7,500 jurisdictional limit.

Looking solely at the record provided on appeal, it is impossible to tell whether Markham's response to the interrogatories indicated he was asserting a claim against Chavez alone or against the other two defendants as well. The interrogatory asked Markham to itemize all medical expenses resulting from the accident, not all expenses attributable to Chavez. There is nothing in the record to indicate that Markham sought to recover all of these damages from Chavez.

In the pretrial questionnaire, Markham names Chavez and Chapman as codefendants and claims $42,499.99 in actual damages plus unspecified punitive damages. Presumably, this is the sum of the $35,000 claim he made against Chapman and the $7,499.99 claim he made against Chavez. However, in response to a later inquiry, Markham lists as a question of fact the percentages of comparative negligence attributable to Chavez, Chapman, and himself. Reading the questionnaire without regard to Markham's previous claims, then, his responses seem to indicate that he is seeking some as yet to be determined percentage of $42,499.99 from Chavez. Such a large sum brought against only two defendants might lead a reasonable person to believe that he was seeking more than $7,500 from Chavez. In addition, any punitive damage award would only augment Markham's claim against Chavez. However, there is no clear statement as to how much Markham is seeking from Chavez and, taken as a whole, the questionnaire is ambiguous since it would support a finding of fact either way. This court will refrain from interpreting the meaning of Markham's questionnaire responses and, instead, fol-

low the district court's approach of considering the aggregate of Markham's claims in light of the statute.

The district court concluded as a matter of law that it was the aggregate of Markham's claims that should be compared to the $7,500 threshold. An appellate court's review of a trial court's conclusions of law is unlimited. *Todd*, 17 Kan. App. 2d at 4.

Whether the aggregate of all claims filed by a plaintiff during multiple party litigation should be compared to the K.S.A. 1993 Supp. 60-2006 statutory limit or whether each isolated claim against each isolated defendant should be so compared is a novel question of Kansas law. This issue has not previously been addressed by a Kansas appellate court, nor by the appellate court of any other state having a similar statute.

In analyzing this problem, however, a comparison can be drawn to the Federal Rules of Civil Procedure and the requirements for diversity jurisdiction in federal court. According to 28 U.S.C. § 1332(a) (1988), federal district courts have original jurisdiction in civil actions between parties of diverse citizenship where "the matter in controversy exceeds the sum or value of $50,000."

The general rule used to determine whether a plaintiff has satisfied the § 1332 monetary limit allows all claims which are properly joined to be aggregated but does not allow aggregation of claims that are separate and distinct. See *Walter v. Northeastern Railroad Co.*, 147 U.S. 370, 373-74, 37 L. Ed. 206, 13 S. Ct. 348 (1893).

Two recent federal cases illustrate this principle in situations where one plaintiff sued multiple defendants. In *Rogers v. Nathan*, 721 F. Supp. 1393, 1394 (D.D.C. 1989), the court held that " ' "[c]laims against two or more defendants can be aggregated for the purpose of attaining the jurisdictional amount, as a general proposition, if they are jointly liable to the plaintiff" ' " (quoting *Robison v. Castello*, 331 F. Supp. 667, 670 [E.D. La. 1971]).

Similarly, in *Jacobson v. Atlantic City Hospital*, 392 F.2d 149, 154 (3d Cir. 1968), the court stated that when a plaintiff's claims against two defendants arise out of a single injury and when the operative facts are common to the coupled claims, it is reasonable to view the lawsuit as a single "action." The court held that in

such circumstances, aggregation of the claims is proper. 392 F.2d at 155.

The Kansas civil procedure statutes are modeled after the federal rules. We believe the reasoning of the federal courts in allowing for aggregation of claims arising from a single occurrence is sound. We therefore follow the federal court holding that claims are properly aggregated when they arise from a single injury with a common set of operative facts for determining whether the K.S.A. 1993 Supp. 60-2006 jurisdictional limit has been exceeded.

The actions brought by Markham against Bland, Chapman, and Chavez were a *compulsory* counterclaim and a cross-claim under K.S.A. 1993 Supp. 60-213(a) and (g) because they arose out of the same occurrence which was the subject of Chavez' claim and they did not require for their adjudication the presence of third parties of whom the court could not acquire jurisdiction.

Markham stated in his pretrial questionnaire that he had suffered $42,499.99 in damages as a result of the accident, and he asked the court to apportion fault among the parties involved. It is clear that whatever fault Chavez bore for the accident was intricately intertwined with the comparative fault of Bland, Chapman, and Markham. There was no basis for Markham's claim of $7,499.99 against Chavez, other than to intentionally satisfy the jurisdictional requirements of K.S.A. 1993 Supp. 60-2006. Markham's $42,499.99 damage claim was for all injuries arising from the accident, and it is that damage claim which should be compared to the $7,500 statutory limit.

Both parties address the policy implications of adopting an aggregate damage rule. Markham argues that by adopting such a rule, this court would be promoting a multiplicity of lawsuits. Chavez contends that if an aggregate damage rule is not adopted, claimants will be encouraged to segregate out a claim against one (or more) of multiple parties and arbitrarily limit that claim so as to qualify for attorney fees under 60-2006.

In *Pinkerton v. Schwiethale,* 208 Kan. 596, 599, 493 P.2d 200 (1972), the Kansas Supreme Court held that the purpose of 60-2006 was "the promotion of prompt payment of small but well-founded claims and the discouragement of unnecessary litigation of certain automobile negligence cases."

In *Darnall v. Lowe*, 5 Kan. App. 2d 240, Syl. ¶ 5, 615 P.2d 786 (1980), this court stated that the intent of 60-2006 was "to require defendants to inquire, to investigate and, if warranted, to make an offer to settle the claim."

Clearly, aggregating damages under the circumstances of this case honors the legislature's intended purpose in enacting the statute. Markham's claimed damages from the accident were not "small." Furthermore, automobile negligence cases where several parties are basing their arguments on comparative fault do not fit under the rubric of "unnecessary litigation." Such cases are usually complex, and it is often necessary for a party to conduct some discovery before that party can properly assess degrees of fault. Although Chavez did eventually reach a damage settlement with Markham, he might not have had enough information to do so at the beginning of the litigation.

Markham's argument that aggregating all damage claims would encourage a multiplicity of lawsuits is unconvincing. In cases such as this one, where the cause of action arises from a single nexus of facts, joinder is compulsory. Claimants are barred by statute from filing several separate suits in an effort to obtain attorney fees. In circumstances where claims against several opposing parties are adequately distinct to support separate litigation, aggregation of the total claims would not be imposed. A claimant could still request attorney fees against a single party in those situations and would not be encouraged to file separate suits.

Chavez points out that allowing a claimant to segregate damage claims in this type of suit will encourage claimants to chose one party as the target for seeking attorney fees. This appears to be exactly what occurred in this suit. At the onset of his cross-claim, Markham asked for $7,499.99 in damages from Chavez, without ever stating a factual basis for arriving at that figure. The fact that he asked for $7,499.99 and not $7,000 or $8,000 seems to indicate an attempt to take advantage of K.S.A. 1993 Supp. 60-2006. Allowing a claimant to manipulate the law so as to burden one opposing party with the entire costs of the litigation, regardless of that party's comparative fault, is both unfair and contrary to the purpose of 60-2006.

Therefore, we find that when a claimant sues multiple parties for damages arising from an automobile accident where joinder

of the parties is compulsory, the $7,500 jurisdictional limit for recovering attorney fees under K.S.A. 1993 Supp. 60-2006 should be measured against the aggregate of all damages claimed against all parties. The judgment of the district court is affirmed.

### New Issues on Appeal

Chavez contends that even if this court finds that the trial court erred in aggregating Markham's damage claims during the suit, he still is not liable for attorney fees under K.S.A. 1993 Supp. 60-2006. Chavez argues that the district court erred in finding that he was "operating" a motor vehicle and in finding that Markham was a "prevailing party." Markham responds that this court may not consider these two issues because Chavez did not file a cross-appeal of the district court's adverse rulings of law.

K.S.A. 1993 Supp. 60-2103(h) states:

"When notice of appeal has been served in a case and the appellee desires to have a review of rulings and decisions of which such appellee complains, the appellee shall, within 20 days after the notice of appeal has been served upon such appellee and filed with the clerk of the trial court, give notice of such appellee's cross-appeal."

The Kansas Supreme Court has held that under 60-2103(h), an appellee must file a cross-appeal before he or she can present adverse rulings for review. *James v. City of Pittsburg,* 195 Kan. 462, 463, 407 P.2d 503 (1965).

The law is clear that Chavez cannot now contest the district court's adverse rulings concerning whether negligent entrustment is the same as negligent operation of a motor vehicle and whether a party can "prevail" based upon a pretrial settlement alone. Chavez has strong arguments on both counts. Had Chavez properly filed a cross-appeal, this court might possibly have affirmed the district court's decision without reaching the aggregate damage question.

Based upon K.S.A. 1993 Supp. 60-2103(h) and the controlling case law, this court will not consider Chavez' arguments concerning the meaning of "operation of a motor vehicle" and "prevailing party." The district court's findings on these questions will not be disturbed.

Affirmed.