THOMAS F. DALEY, Judge.
LThe defendant has appealed the trial court’s denial of its Motion to Stay Execution of Foreign Judgment and order making the foreign judgment executory. For the reasons that follow, we affirm.
FACTS:
E.J. Halverson & Associates, Inc. (Hal-verson) is an independent adjusting company located in Metairie, Louisiana. It performed investigations in Louisiana for Credit General Insurance Company (CGIC), an insurer headquartered in Ohio. Halverson submitted invoices to CGIC and was paid for its work.
In January 2001, CGIC was ordered into liquidation by the Court of Common Pleas in Franklin County, Ohio and the Ohio Superintendent of Insurance (the Liquidator) was appointed liquidator. Thereafter, the Liquidator brought suit in the Ohio Court of Common Pleas against Halverson seeking to recover over $25,000.00 paid to Halverson prior to the rehabilitation and insolvency, alleging 14said payments constituted preferences under Section 3903.28 of the Ohio Insurers Supervision, Rehabilitation, and Liquidation Act.
Halverson hired an attorney in Ohio to represent it in the lawsuit. Through this attorney, Halverson filed an answer and asserted lack of personal jurisdiction as an affirmative defense. Halverson then discharged this attorney and the attorney was allowed to withdraw from the proceedings. Although the Ohio record is not before this Court, both parties assert that Halverson did nothing further to participate in the Ohio proceeding against it. The Liquidator moved for and obtained summary judgment against Halverson in October 2003.
The Liquidator then filed proceedings in Louisiana to make the Ohio judgment against Halverson executory. Halverson filed a Motion to Stay the Execution of the Ohio Judgment. Counsel for the parties appeared in chambers with the trial court judge who took the matter under advisement. The trial court then entered judgment denying Halverson’s motion to stay and making the Ohio judgment executory. Halverson’s Motion for New Trial was denied without a hearing. This appeal followed.
LAW AND DISCUSSION:
On appeal, Halverson argues the trial court erred in holding that the Court of Common Pleas, Franklin County, Ohio had personal jurisdiction over Halverson. To determine whether the Ohio Court had personal jurisdiction over Halverson, this Court must apply the law of Ohio. Choy v. Gatlin, 527 So.2d 442 (La.App. 5 Cir.1988). Under Ohio law, in order to determine whether its court has personal jurisdiction over a non-resident, the court must determine: (1) whether the state’s long-arm statute and the applicable Civil Rule confer personal jurisdiction, and if so (2) whether exercising jurisdiction under the statute and rule would deprive the ^defendant of its Fourteenth Amendment right to due process. U.S. Sprint Communications Co. Ltd. P’ship v. Mr. K’s Foods, Inc., 68 Ohio St.3d 181, 624 N.E.2d 1048 (1994). Ohio’s long-arm statute provides in pertinent part:
*1095 A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to the cause of action arising from the person’s:
(1) transacting any business in this state;
(2) contracting to supply services or goods in this state ...
Ohio R.C. 2307.382(A)
Halverson does not dispute that its business transactions with CGIC would likely qualify as “transacting any business” in Ohio, and therefore, does not challenge this aspect of personal jurisdiction. Rather, Halverson argues that the trial court erred in finding the requirements of constitutional due process were satisfied in this case.
The Ohio courts use a three-part test to determine whether the assertion of personal jurisdiction comports with due process. First, the defendant must purposefully avail himself of the privilege of conducting activities within the forum state; second, the cause of action must arise from the defendant’s activities there; and third, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with Ohio to make its exercise of jurisdiction over the defendant fundamentally fair. Cole v. Mileti (C.A.6 (Ohio) 1/8/98), 133 F.3d 433, certiorari denied; 525 U.S. 810, 119 S.Ct. 42, 142 L.Ed.2d 32.
Halverson contends that its contacts with CGIC were so limited that they did not meet the required minimum contacts to meet the constitutional due process requirement. Specifically Halverson assets that: (1) it is not and has never been physically present in Ohio, (2) its office is located in Metairie, Louisiana and its | ^business consist of providing marine casualty and adjusting services in the Gulf-Coast region, (3) it has never maintained offices in Ohio, employed any personnel or agents who reside in Ohio, or rendered any services in Ohio. Halverson further points out that CGIC solicited Halverson to perform work and all work performed by Halverson at the request of CGIC took place in Louisiana. Halverson contends that the phone, fax, and e-mail communications it had with CGIC are insufficient to lead it, a foreign corporation, to realize that it could be hauled into court in Ohio.
The Liquidator points out that in June 2001, prior to the institution of the suit against Halverson, Halverson filed three proof-of-claim forms with the Liquidator seeking to be recognized as a creditor in the liquidation. The Liquidator contends that filing a claim in the liquidation proceeding is sufficient to vest the Ohio court with jurisdiction over Halverson. Halver-son contends that the submission of these proof of claim forms was not a voluntary submission to personal jurisdiction in Ohio. Rather, Halverson contends that it was lured into filing the forms by the Liquidator through the Liquidator’s act of mailing the forms to Halverson in Louisiana. Halverson contends that it would be unreasonable to assume that Halverson was familiar with the nuances of insurance liquidation law to recognize that by submitting a proof of claim form in the liquidation of CGIC, Halverson was subjecting itself to personal jurisdiction for a suit by the Liquidator to recover monies earned by Halverson for work performed entirely in Louisiana.
In Todd v. Lakeland Chrysler-Plymouth Dodge, Inc., 17 Kan.App.2d 1, 834 P.2d 387(1992), the Kansas Court of Appeals found that the filing of a proof of claim form in a Kansas liquidation proceeding constitutes submission to the courts of Kansas to adjudicate the proof of claim and related matters. Similarly, in *1096 bankruptcy proceedings, the well settled rule of law is that a creditor consents to jurisdiction over related counterclaims by filing a proof of claim. Katchen v. Landy, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966). Since the filing of a proof of claim by a creditor in an insurance liquidation proceeding is akin to filing a proof of claim in a bankruptcy proceeding, we hold that by filing the proof of claim forms in this proceeding, Halverson voluntarily consented to jurisdiction of the Ohio court. Thus, the Ohio court was not without personal jurisdiction over Halverson when it rendered summary judgment in favor of the Liquidator. Additionally, we find that this result is not unfair to Halver-son since Halverson agreed to perform work for CGIC and the action by the Liquidator against Halverson arises from Halverson’s work for CGIC.
Halverson further argues that the trial court erred in giving full faith and credit to an Ohio judgment that is premised on an erroneous interpretation of Ohio Law. However, this Assignment of Error ignores the fact that this court cannot review the merits of the judgment rendered by the Ohio court. When enforcement of a foreign judgment is sought, the merits of the judgment may not be re-litigated in the state in which enforcement is sought. Schultz v. Doyle 2000-0926 (La. App. 5 Cir. 1/17/01), 776 So.2d 1158. Accordingly we will not address this Assignment of Error.
For the foregoing reasons, the judgment of the trial court is affirmed. Each party is to bear its own costs.

AFFIRMED.