In the Matter of the Estate of MARGARET KAY LOOSE, Deceased.

Surrogate's Court, Westchester County, May 10, 1938.

*Gaillard, Fisher, Allen & Bateson*, for the Chemical Bank and Trust Company and Kenneth D. Loose, as executors and trustees, etc.

*Le Roy N. Mills*, special guardian.

MILLARD, S. The trustees have raised a question of construction with respect to the investment powers granted to them in the will of this decedent.

By paragraph " third " of her will testatrix gave the residue of her estate to her trustees, in trust, to divide the same into three equal parts and to set apart and hold one of such parts for the use and benefit of each of her granddaughters, Margaret Caruth Loose, Margaret Cameron Smith and Eleanor Cameron Smith. The provisions of each trust are identical. In each case it is provided that, after the payment of all lawful charges, the trustees are to use and apply all of the net income of each part toward the support, maintenance and education of the respective granddaughter until she attains the age of twenty-one years and thereafter to pay all of the net income to her until she attains the age of twenty-five years, at which time the principal of such part, or so much thereof as then remains, is to be paid over to her. Provision is also made for a gift over in the event of the death of either of the granddaughters

prior to arriving at the age of twenty-five years. Further provision is also made for the invasion of the principal of each of said parts at the request of the parents, if living, or the guardian of said grandchild, in case of illness, accident or other sufficient cause.

Paragraph " ninth " of the will gives certain powers to the trustees with respect to the investment or reinvestment of the foregoing trust funds. It reads, in part, as follows:

" *Ninth.* I hereby give the following powers, authority and discretion to my said Trustees:

" a. To receive, hold and retain as an investment for my said trusts any securities that I may have at the time of my death. For the investments or reinvestments of the trusts, they shall not be limited to securities which are legal investments for testamentary trustees by any present or future law of the State of New York.

" b. The Trustees may become a party to any re-organization, consolidation, merger or other capital re-adjustment of any corporation, the stocks or securities of which may, at any time, be held in trust. They may participate in any such re-organization, consolidation, merger or re-adjustment to the same extent and as fully as though they were the absolute and individual owners of such stocks or securities,  *  *  *

" c. The Trustees may exercise conversion or subscription rights appurtenant to any stocks, bonds or other securities at any time held in trust, and may use such portion of the principal of the trusts as may be necessary therefor, or in the discretion of the Trustees, may sell any such rights.  *  *  *

" d. The Trustees shall not be required to establish any sinking fund to amortize the premium at which any investment or reinvestment may be purchased.

" e. All extraordinary dividends and all realized appreciation in the value of stocks, bonds, securities or other property, resulting from the sale or other disposition thereof, shall be considered principal and not income, but ordinary stock dividends paid regularly by a corporation in lieu of, or in addition to regular cash dividends, shall be considered income and not principal; provided, however, that the Trustees' determination as to whether any dividend should be apportioned, or allocated in whole or in part to principal or income, shall be conclusive and binding upon all persons interested in the trusts.  *  *  *

" g. The Trustees may cause any stocks or securities, at any time held in trust, to be registered in the name of the nominee or nominees of the Trustees.

" h. The Trustees may make distribution, or partial distribution of the trusts, in kind or in cash, or partly in kind and partly in cash, and at market value of securities at time of such distribution, The determination of the Trustees as to the fairness and equality of any such distribution shall be conclusive upon all persons entitled to receive any share of the trusts."

At the time of her death the decedent owned the following stocks: 315 shares British & Hungarian Bank, Ltd., capital, 50 pengos par value, incorporated in Hungary; 357 shares Insuranshares Certificates, Inc,, common, $1 par value, incorporated in Maryland; 20 shares International Machinery Trading Co., Ltd., 7 1/2% cum. pfd. conv. " B," par value £100, incorporated in Hungary; 10 shares International Machinery Trading Co., Ltd., 7% cum. pfd. conv. " A," par value £100, incorporated in Hungary; 420 shares R. J. Reynolds Tobacco Co., new class " B " common, par value $10, incorporated in New Jersey. Dividend payable 10/11/34 to holders of record 9/18/34; 170 shares Unilever N. V. Gevestig'dte Rotterdam Participation Ctf., par value 1,000 guilders, incorporated in Holland.

This fact, apart from any language used by the testatrix, gives some indication of her preference for this class of investment.

Throughout paragraph " ninth " of her will, the testatrix uses the word " securities " in its widest sense, as embracing stocks and bonds as well as other secured investments.

In Funk and Wagnalls New Standard Dictionary the word " security " is defined as " written promises or assurances for payment of money; evidences of debt." It defines the word " investments " as " the act of investing or laying out money productively, or otherwise, or converting capital, especially in a permanent manner; also, the money or capital so invested, or the property invested in." " In its broadest sense, the term ' security ' embraces all evidences of debt. (*Matter of Stark*, 134 N. W. 389, 399; 149 Wis. 631." (4 Words and Phrases [Second Series], p. 499.)

" An ' investment ' is some form of property into which money has been put with the intention of holding it for gain or increase or for permanent safekeeping. In its common meaning the word ' investment ' involves the idea of intended profit, and ordinarily the word implies a certain measure of permanence, in contrast to a speculation or temporary venture." (2 Words and Phrases [Second Series], p. 1189, and cases cited.)

" The meaning of the word ' securities ' has been passed upon freely and is no different from that employed by ordinary laymen in using the word. (Contracts, Restatement, § 235 (c); *Rosenthal* v. *American Bonding Co.,* 207 N. Y. 162.) " (*Irving Trust Co.* v. *Natica, Lady Lister-Kaye,* 157 Misc. 32, 37.)

In the general usage of speech employed by men of business affairs, the word " securities " is used in its widest sense to describe the broad class of financial investments. As so employed it imports the inclusion of stocks — common and preferred — as well as secured investments. (*Matter of Vanderbilt*, 132 Misc. 150, 154.)

The statutes of this State (Dec. Est. Law, § 111; Pers. Prop. Law, § 21) do not permit the investment of trust funds in stocks, but a testator has the power to direct how the trust funds shall be invested. (*Matter of Clark*, 257 N. Y. 132, 137.)

" Under ordinary circumstances, a trustee has no authority to invest trust funds in any manner other than that specified by statute, but if the tenor of the will demonstrates that testator desired to vest in the trustee a broader discretion, he will be protected so far as he strictly pursues the authority bestowed and complies with the general rules of law applicable to his office." (*Matter of Robbins*, 135 Misc. 220, 223.)

It has been well stated that " rules for the construction of wills are for the sole purpose of ascertaining the intention of the testator, and if the intention is clear and manifest it must control, regardless of all rules that have been formed for the purpose of determining their construction." (*Cammann* v. *Bailey*, 210 N. Y. 19, 30.)

Here it is unnecessary to apply any rules of construction. We need not look any further than the will itself to determine the intention of the testatrix. Her words are clear and unambiguous. She gives her trustees broad powers of investment whether in retaining those investments made by her prior to her death or in reinvesting the same, any law to the contrary notwithstanding.

Paragraph " ninth " of the will is, therefore, construed as authorizing the trustees to hold and retain, as investments, any securities owned by the decedent at the time of her death; as not limiting them, in the investment or reinvestment of the principal of the trusts, to securities which are legal investments for testamentary trustees under the laws of the State of New York and that they may invest in any stocks, bonds or other securities which in their judgment may seem proper. The trustees will, however, be charged, in their administration of the trust funds, with the usual rule of vigilance, diligence and prudence which men of discretion in general employ in their own affairs.

Enter decree accordingly.