THE TOWN OF ROMNEY *v.* THE ROMNEY IMROVEMENT COMPANY

(No. 9067)

Submitted October 8, 1940. Decided November 19, 1940.

*J. S. Zimmerman* and *John L. Lehman,* for appellant.
*G. K. Kump* and *George H. Williams,* for appellee.

HATCHER, JUDGE:

In 1912 the town of Romney granted Romney Improvement Company a franchise to install a sewage system, reserving the right to acquire the system at any time upon payment of its entire cost, "including any and all cost of repairing or maintaining the same, together with interest thereon sufficient to make a total of six per cent on the investment, deducting the net earnings of said system." The town decided in 1938 to take over the system; was unable to agree upon terms with the company; and brought this suit for specific performance. The circuit court decreed that the town was entitled to the system without payment.

The definers, generally, concur that costs properly allocated to maintenance of property, include all expenses reasonably necessary to its sustention. Operation and maintenance cover the same expenditures. *Concordia-Arrow F. S. Corp.* v. *Concordia*, 131 Kan. 247, 289 Pac. 955, 957. Net earnings, if any, are what remain of the gross earnings after costs of operation are paid. *Collins* v. *Treat*, 108 W. Va. 443, 448, 152 S. E. 205. Earnings applied to enlarging a plant, are treated as net earnings. *Coal & Coke Ry. Co.* v. *Conley*, 67 W. Va. 129, 193, 67 S. E. 613. All of this was stated many years ago in the leading case of *Union Pac. R. R. Co.* v. *U. S.*, 99 U. S. 402, 420, 25 L. Ed. 274, as follows: "As a general proposition, net earnings are the excess of the gross earnings over the expenditures defrayed in producing them, aside from and exclusive of the expenditure of capital laid out in constructing and equipping the works themselves. Theoretically, the expenses chargeable to earnings include the general expenses of keeping up the organization of the company and all expenses incurred in operating the works and keeping them in good condition and repair; whilst expenses chargeable to capital include those which are incurred in the original construction of the works, and in the subsequent enlargement and improvement thereof."

Under the franchise, four items enter into the price the town must pay, three to be added, one to be subtracted.

The additions are first, the cost of the system itself, which all seem to agree is $7,155.63; second, the cost of maintenance, which the accountants for the town fixed at $6,521.26 (though they erroneously classified the sum as "undivided" net earnings); and third, interest "thereon sufficient to make a total of six per cent on the investment." This clause is somewhat involved; but *the investment* is the capital laid out in the system, not revenue derived from it, spent on maintenance. 22 Words and Phrases, Perm. Ed. 527, *et seq.; In re Loose's Will,* 167 Misc. 764, 4 N. Y. Supp. (2d) 611; *Drake* v. *Crane,* 127 Mo. 85, 29 S. W. 990, 27 L. R. A. 653. So we construe the clause to refer only to interest on the cost of the system. This interest will approximate $7,000.00. The sum of these three items is $20,676.89. The one item to be subtracted is net earnings. This consists of $8,145.00 paid in dividends; $550.24 cash in bank; and approximately $4,900.00, paid from the gross earnings on extensions of the system. The sum of net earnings is approximately $13,595.24, upon which no interest is provided by the franchise. This item deducted from $20,676.89 (the entire cost, with interest on the investment) leaves $7,081.65 as the approximate price of the system to the town.

The special commissioner, and according to counsel, the court also, refused to include operating expense in the cost of maintenance and repair, and fixed that cost at $477.93. It is not apparent what comprises this sum. If it is not included in the $6,521.26, above, it perhaps should be. A number of the graphs filed by the accountants are partisan and involved. So it may be that upon the remand, other possible corrections should be considered by the circuit court.

The decree is reversed and the cause remanded.

*Reversed and remanded.*