No. 50,388

WILLIAM FAUCETT and TERRY FAUCETT d/b/a QUALITY AUTO MART, *Plaintiff-Appellee,* v. ALICE M. KIRK and BRYNA H. KIRK, a minor, *Defendant-Cross-Claimant and Appellee,* v. ELLEN G. VAN KAM CUNNINGHAM, *Cross-Defendant-Appellant.*

(608 P.2d 1306)

Opinion filed April 5, 1980.

*William D. Coombs,* of Balch, Briley & Coombs, of Chanute, argued the cause and was on the brief for cross-defendant appellant.

*Randall D. Palmer,* of Pittsburg, argued the cause and was on the brief for defendant-cross-claimant and appellee.

The opinion of the court was delivered by

MILLER, J.: This is an appeal by the third-party defendant, Ellen G. Van Kam Cunningham, from a judgment against her and in favor of the defendant and third-party plaintiff, Alice M. Kirk, for attorney's fees. The only issue on appeal is the propriety of the award of attorney's fees under K.S.A. 1979 Supp. 60-2006.

This action for recovery of damages sustained in a two-vehicle collision was instituted by the Faucetts, owners of one vehicle, by filing a chapter 61 action on July 8, 1977, against Alice M. Kirk, driver of the second vehicle, for property damage of $2,950. On October 20, 1977, Mrs. Kirk filed her answer and a claim against third-party defendant Cunningham, who was driving the Faucett

vehicle at the time of the collision. Mrs. Kirk sought judgment of $200 for damages to her automobile and $1,000 for personal injuries sustained by her minor child, Bryna Kirk. At the time of pretrial, Mrs. Kirk continued to assert her $200 claim for property damages, increased her claim on behalf of her daughter to $2,500, and also requested an award of costs and attorney's fees.

Approximately two weeks prior to trial, counsel for Mrs. Kirk advised counsel for Mrs. Cunningham, by letter, that at trial Mrs. Kirk proposed to increase her claim for property damage to $500 and to claim $250 for loss of the use of her car. She also sought $750 for attorney's fees. Additionally, counsel was advised that the personal injury claim on behalf of Bryna Kirk would be dismissed.

When trial commenced on May 17, 1978, the claim on behalf of Bryna Kirk was dismissed; the property damage claim on behalf of Alice Kirk was increased to $500; and the $250 claim for loss of use was dismissed. Mrs. Kirk also sought attorney's fees and costs. The jury returned a verdict finding Mrs. Cunningham 80% at fault and Mrs. Kirk 20% at fault. It found the Faucetts' damages to be $1,450 and Mrs. Kirk's damage to be $400. Judgment was entered on behalf of the Faucetts against Mrs. Kirk for $295, and in favor of Mrs. Kirk and against Mrs. Cunningham for $320; in addition, the trial court awarded Mrs. Kirk attorney's fees of $300 as against Mrs. Cunningham. The latter award forms the basis for this appeal.

Appellant contends (1) that K.S.A. 1979 Supp. 60-2006 is inapplicable in any action when the claim of plaintiff or any party exceeds the monetary limit fixed by the statute; and (2) that Mrs. Kirk's claim exceeds the monetary limit, and therefore she is not entitled to any award of attorney's fees.

K.S.A. 1979 Supp. 60-2006 reads as follows:

"In actions brought for the recovery of damages of less than seven hundred fifty dollars ($750) sustained and caused by the negligent operation of a motor vehicle, including any action brought pursuant to the code of civil procedure for limited actions, the prevailing party, if such party recovers damages, shall be allowed reasonable attorneys' fees which shall be taxed as part of the costs of such action, except that when a tender has been made by the adverse party before the commencement of the action in which judgment is rendered, and the amount recovered is not in excess of such tender, no such costs shall be allowed."

We considered the statute and upheld its constitutionality in *Pinkerton v. Schwiethale,* 208 Kan. 596, 493 P.2d 200 (1972). At

that time the statute applied to "actions brought for the recovery of damages of less than five hundred dollars." It was amended to "less than seven hundred fifty dollars" in 1977. Writing for a unanimous court, Justice Fromme said:

"Let us consider the classification employed by the legislature in the present statute. Generally the classification relates to all parties who may cause damage by the negligent operation of a motor vehicle. The word 'parties' as used in this statute, which is a part of the Code of Civil Procedure of this state, encompasses all litigants, both persons and corporate bodies. There is no discrimination in the classification defined by the use of the term 'parties'.

"The classification relates to those who cause damage by the negligent use of a motor vehicle. This is an age of almost universal ownership and transportation by motor vehicle. With few exceptions there is a car in every garage and sometimes two or three. The streets and highways in many areas of the state have become congested. Vehicular accidents occur with increasing frequency. There has been a proliferation of law suits arising from these accidents. These law suits burden the courts of this state. Many suits are brought on small claims for less than $500.00. Because of the increasing number of these suits serious delays in court have occurred because of a backlog of cases. Several years may pass after an accident before a meritorious claim can be collected through the courts. Abuses arise from this delay. Those who have negligently caused the damage, or their insurance carriers, may refuse to pay a just claim in order to take a calculated risk. The expenses and attorney fees which a claimant with a small meritorious claim must incur to successfully collect his claim may seem prohibitive to the claimant. The injured claimant may well decide to forego his rights in court rather than wait, worry and litigate. Especially is this true in cases of small claims. The time and expense necessary to investigate and prosecute a small claim is frequently out of proportion to the amount recoverable.

. . . .

"K.S.A. 1971 Supp. 60-2006 appears to be grounded on police regulation in the public welfare having for its legitimate purpose the promotion of prompt payment of small but well-founded claims and the discouragement of unnecessary litigation of certain automobile negligence cases.

. . . .

"It should also be noted the allowance permitted under this statute is not limited to successful plaintiffs. The statute provides the prevailing party if he recovers damages is entitled to a reasonable attorney's fee to be taxed as costs. Fault is the basis for the allowance and not who files the suit. Both parties may contend for damages based on the fault of the other. The defendant does so by cross-claim under K.S.A. 1971 Supp. 60-213. In such case either party may recover attorneys' fees as costs if he recovers his damages." (pp. 598-601.)

Turning to appellant's first claim, is the statute inapplicable if any party makes claim for $750 or more? We think not. The statute applies to *the prevailing party.* Under appellant's theory, a litigant could defeat the purpose of the statute and thwart recovery of attorney's fees by a successful party on a meritorious claim

of *less* than $750 by merely asserting a claim, counterclaim, or cross-claim, however spurious, of *more* than $750. We hold that the statute's applicability is to be determined separately and individually as to each prevailing party whose claim is successfully litigated; the amounts of claims of other parties to the action are immaterial. Here, Mrs. Kirk is a prevailing party; her claim must be individually considered under the statute. Whether her claim is within the statute is the remaining issue to be determined.

The Faucetts' petition sought $2,950 for property damage; their claim was never amended. Originally Mrs. Kirk made claim for herself for property damages of $200 and on behalf of her minor child for personal injuries of $1,000. At pretrial, the $200 property damage claim was asserted, and the personal injury claim was raised to $2,500. By letter before trial, the property damage claim was increased to a total of $750, and the personal injury claim was dropped. At trial the property damage claim was reduced to $500.

Regardless of the amount recovered, the highest amount claimed at any time during the pendency of the action by a prevailing party is determinative of whether that party comes within the confines of the statute. The Faucetts sought recovery of more than $750; therefore, the statute is inapplicable to their claim. They did not seek attorney's fees. Mrs. Kirk at one time claimed property damages of $750 for herself and she claimed $1,000, later $2,500, on behalf of her daughter. Her maximum claim asserted during the pendency of the action was not "less than seven hundred fifty dollars," and we therefore hold that the statute has no applicability. Mrs. Kirk was not entitled to recover an attorney's fee in the trial court under K.S.A. 1979 Supp. 60-2006. Likewise, she is not entitled to an award of attorney's fees for this appeal.

The judgment of the district court awarding an attorney's fee to Alice M. Kirk is reversed.