No. 70,287

CARLOS CHAVEZ, *Appellee*, v. MICHAEL D. MARKHAM, *Appellant*.
(889 P.2d 122)

Opinion filed January 27, 1995.

*Paul Hasty, Jr.*, of Wallace, Saunders, Austin, Brown and Enochs, Chartered, of Overland Park, argued the cause, and *Karen A. Seymour*, of the same firm, was with him on the briefs for appellant.

*Leo L. Logan*, of Boddington & Brown, Chtd., of Kansas City, argued the cause and was on the briefs for appellee.

The opinion of the court was delivered by

LOCKETT, J.: Defendant sued three parties for injuries he sustained in a motor vehicle accident. All claims were settled prior to trial. Defendant then filed a K.S.A. 1993 Supp. 60-2006 motion to recover attorney fees. The district court denied defendant's motion because his total claim against all parties exceeded the statutory maximum of $7,500. The Court of Appeals affirmed the trial court. This court granted defendant's petition for review.

This action arose from a motor vehicle accident involving Michael Markham, Carlos Chavez, Harold Bland, Jr., and Charles Chapman. Chapman, who was intoxicated, was driving Chavez' car when it left the roadway and went into a ditch. Markham observed the Chavez car in the ditch and positioned his truck on the wrong side of the road so its headlights would illuminate the Chavez car. Seconds later, a vehicle driven by Bland, who was also intoxicated, approached at a high rate of speed and crashed into Markham's parked truck, injuring Markham.

Initially, Chavez filed suit against Markham and Bland to recover damages for repairs to his car. Markham counterclaimed against Chavez for $7,499.99 and cross-claimed against Bland for an amount "in excess of $10,000." Markham moved to add Chapman as a party for the purpose of comparing fault and later cross-

claimed against Chapman for $35,000. During the pendency of the litigation, Markham filed a statement of monetary damages in the amount of $35,000. In his answers to interrogatories from Chavez, Markham itemized pecuniary expenses totaling $13,141.73. In a pretrial questionnaire, Markham indicated that his total damages were $42,499.99 and requested that additional punitive damages be awarded by a jury. All parties eventually settled their claims, with the exception of Markham's claim for attorney fees from Chavez under K.S.A. 1993 Supp. 60-2006. The parties agreed to submit the issue of attorney fees to the district court by dispositive motions.

K.S.A. 1993 Supp. 60-2006 provides:

"(a) In actions brought for the recovery of damages of less than $7,500 sustained and caused by the negligent operation of a motor vehicle, the prevailing party shall be allowed reasonable attorneys' fees which shall be taxed as part of the costs of the action, unless:

(1) The prevailing party recovers no damages; or

(2) a tender equal to or in excess of the amount recovered was made by the adverse party before the commencement of the action in which judgment is rendered.

"(b) This section shall apply to actions brought pursuant to the code of civil procedure and actions brought pursuant to the code of civil procedure for limited actions."

The district court denied Markham's motion for attorney fees. The district court found that: (a) K.S.A. 1993 Supp. 60-2006 applied to Markham's claims for negligent entrustment against Chavez; (b) Markham was a "prevailing party" under the provisions of 60-2006; and (c) Markham was not entitled to attorney fees from Chavez because the total claims against all parties exceeded the jurisdictional limit for attorney fees under 60-2006. Markham appealed the district court's denial of attorney fees.

In the Court of Appeals, Markham asserted that although during the course of the lawsuit the aggregate amount of his claims against the other parties exceeded the $7,500 limit of K.S.A. 1993 Supp. 60-2006, his claim against Chavez never exceeded $7,500. Markham argued that because his claim against Chavez was less than the statutory limit established by K.S.A. 1993 Supp. 60-2006, he was entitled to attorney fees from Chavez. Chavez argued that

because the total of Markham's claims in the action exceeded $7,500, Markham was not entitled to attorney fees.

Both parties cited *Faucett v. Kirk*, 227 Kan. 505, 608 P.2d 1306 (1980), to the Court of Appeals. In *Faucett,* the owners of one vehicle filed an action against Kirk, the driver of the second vehicle, for $2,950 for damages sustained in a two-vehicle collision. Kirk cross-claimed against Cunningham, who was driving the Faucett vehicle at the time of the collision, for $200 for damages to her automobile and $1,000 for personal injuries sustained by her minor child. Kirk later increased her claim on behalf of her child to $2,500 and requested an award of costs and attorney fees. Approximately two weeks before trial, Kirk advised Cunningham that Kirk proposed to increase her claim for property damage to $500, to claim $250 for loss of the use of her car and $750 for attorney fees. Faucett was advised that Kirk's personal injury claim on behalf of her child would be dismissed. At trial, Kirk increased her property damage claim to $500, dismissed her loss of use and personal injury claims, and sought attorney fees under K.S.A. 1979 Supp. 60-2006 and costs. The jury found Cunningham 80% at fault and Kirk 20% at fault and determined the Faucetts' damages to be $1,450 and Kirk's damages to be $400. After assessment of fault, judgment was entered on behalf of the Faucetts against Kirk for $295 and in favor of Kirk against Cunningham for $320. In addition, the trial judge awarded Kirk attorney fees of $300 against Cunningham.

In *Faucett,* the issue on appeal was the propriety of the award of attorney fees under K.S.A. 1979 Supp. 60-2006. At that time, the statute applied to actions brought for the recovery of damages of less than $750. The *Faucett* court held that the statute's applicability was to be determined separately and individually as to each prevailing party whose claim was successfully litigated. The *Faucett* court concluded that regardless of the amount recovered, the highest amount claimed at any time during the pendency of the action by a prevailing party was determinative of whether that party comes within the confines of the statute. 227 Kan. at 508. The court reversed the award of attorney fees because Kirk's maximum claim during the pendency of the action was not less than $750.

In this case, the Court of Appeals acknowledged that whether the aggregate of all claims filed by a prevailing party against multiple adverse parties should be measured against the K.S.A. 1993 Supp. 60-2006 limit or whether the claims against each adverse party should be so measured had not previously been addressed by a Kansas appellate court or by the appellate courts of any other state having a similar statute.

In its analysis, the Court of Appeals compared K.S.A. 1993 Supp. 60-2006 to 28 U.S.C. § 1332(a) (1988) and examined case law considering when aggregation of claims is proper to meet the threshold requirement for diversity jurisdiction in the federal courts. It observed that under 28 U.S.C. § 1332(a), the federal district courts have jurisdiction in civil actions between parties of diverse citizenship where "the matter in controversy exceeds the sum or value of $50,000." 19 Kan. App. 2d at 706. The Court of Appeals noted that the general rule in determining whether a plaintiff has satisfied the § 1332 monetary limit allows all claims which are properly joined to be aggregated but does not allow aggregation of claims that are separate and distinct. 19 Kan. App. 2d at 706 (citing *Walter v. Northeastern Railroad Co.*, 147 U.S. 370, 373-74, 37 L. Ed. 206, 13 S. Ct. 348 [1893]).

During this analysis, the Court of Appeals examined two "recent" federal cases, *Rogers v. Nathan*, 721 F. Supp. 1393, 1394 (D.D.C. 1989) (claims against two or more defendants can be aggregated for the purpose of attaining the jurisdictional amount, as a general proposition, if they are jointly liable to the plaintiff); and *Jacobson v. Atlantic City Hospital*, 392 F.2d 149, 154-55 (3d Cir. 1968) (when a plaintiff's claims against two defendants arise out of a single injury and when the operative facts are common to both claims, it is reasonable to view the lawsuit as a single action and consider the claims as an aggregate), to illustrate application of the general rule in situations where one plaintiff sued multiple defendants. The Court of Appeals believed that the reasoning of the federal courts in allowing for aggregation of claims arising from a single occurrence was sound. It concluded that because the Kansas civil procedure statutes are modeled after the federal rules, it should follow the federal court holding that claims

are properly aggregated when they arise from a single injury with a common set of operative facts for determining whether the K.S.A. 1993 Supp. 60-2006 jurisdictional limit has been exceeded. 19 Kan. App. 2d at 707.

After analyzing 28 U.S.C. § 1332(a), the Court of Appeals held that when a claimant sues multiple parties for damages arising from an automobile accident and joinder of the parties is compulsory, the $7,500 jurisdictional limit for recovering attorney fees under K.S.A. 1993 Supp. 60-2006 is measured by the aggregate of all damages claimed by the prevailing party against all other parties. The Court of Appeals concluded that because Markham's claims against all other parties to the action exceeded $7,500, Markham was not entitled to an award of attorney fees against Chavez and affirmed the trial court. This court granted Markham's timely petition for review. Chavez did not file a cross-appeal or cross-petition for review.

Did the district court and the Court of Appeals err in finding that the $7,500 jurisdictional limit for recovering attorney fees under K.S.A. 1993 Supp. 60-2006 is determined by the aggregate of all damages claimed by the prevailing party against all other parties in the action? When determining a question of law, this court is not bound by the decision of the district court. *Memorial Hospital Ass'n, Inc. v. Knutson*, 239 Kan. 663, 668, 722 P.2d 1093 (1986).

Markham argues that the district court and Court of Appeals took an overly restrictive view of the statute. Markham asserts that the legislature intended that 60-2006 should be liberally construed to allow a prevailing party attorney fees. Chavez claims that the district court's finding that the $7,500 jurisdictional limit should be measured against the aggregate of all damages claimed against all parties is correct. Chavez contends that because Markham's claims against all of the other parties during the pendency of the action were in excess of $7,500, attorney fees cannot be awarded.

K.S.A. 1993 Supp. 60-2006 applies to actions brought pursuant to the code of civil procedure and the code of civil procedure for limited actions for the recovery of damages of less than $7,500

sustained and caused by the negligent operation of a motor vehicle. In such actions the prevailing party shall be allowed reasonable attorney fees unless: (a) the prevailing party recovers no damages; or (b) a tender equal to or in excess of the amount recovered was made by the adverse party before the commencement of the action in which judgment is rendered.

First, we note that the facts in *Faucett* are slightly different than those presented here. In *Faucett*, Kirk advanced several claims against a single defendant during the pendency of the litigation. Here, Markham asks the court to consider only his claim against one of several defendants in the action. Although there is a factual difference, this court's analysis of 60-2006 in *Faucett* is instructive. *Faucett* favors consideration of the aggregate of a prevailing party's claims against all parties in determining if attorney fees can be awarded under 60-2006.

We next note that neither party addresses the specific statutory language of 60-2006, which appears to require such a conclusion. Without reference to the federal statute, the argument is reasonable that the aggregate value of a prevailing party's claims arising out of a single injury involving a common set of operative facts should be measured against the jurisdictional limit of 60-2006. It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained. It is presumed the legislature understood the meaning of the words it used and intended to use them in their ordinary and common meaning. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. See *State v. Gonzales*, 255 Kan. 243, 248-49, 874 P.2d 612 (1994).

The statute expressly restricts its application to "actions" brought for the recovery of damages of less than $7,500. In its usual legal sense, the term "action" refers to a lawsuit and encompasses multiple claims contained in that lawsuit. See Black's Law Dictionary 28 (6th ed. 1990). Therefore, regardless of the number of claims involved in an action, the statutory language appears to mandate that the jurisdictional limit for recovering at-

torney fees under 60-2006 be measured against the aggregate of all damages claimed against all adverse parties in the action.

Both parties address the policy implications of adopting an aggregate damage rule. Markham argues that by adopting such a rule, this court would be promoting a multiplicity of lawsuits to obtain a statutory award of attorney fees. Chavez contends that if an aggregate damage rule is not adopted, plaintiffs will be encouraged to segregate claims against one of multiple defendants and arbitrarily limit each claim so as to qualify for attorney fees under 60-2006.

Prior to the enactment of K.S.A. 60-258a, when a plaintiff obtained a judgment against two or more tortfeasors, contribution between the judgment debtors was authorized by K.S.A. 60-2413(b). A plaintiff could choose a defendant, and a defendant had no right to bring other tortfeasors into the plaintiff's action. If a plaintiff sued and recovered a judgment against two tortfeasors, the plaintiff could proceed to collect all or part of the judgment from either judgment debtor. Each judgment debtor was jointly and severally liable for all of the plaintiff's damages regardless of whether others contributed to cause such injuries. When one judgment debtor had satisfied the entire judgment, that debtor could then recover one half of the amount paid from the other judgment debtor.

After the passage of 60-258a, recovery and duty to pay the injured party became based on the degree of fault of each tortfeasor. The individual liability of each defendant for the payment of damages is computed based on each defendant's proportionate fault; therefore, contribution among joint tortfeasors is no longer possible. On motion of any party against whom a claim is asserted for negligence resulting in death, personal injury, property damage, or economic loss, any other person whose causal negligence is claimed to have contributed to such death, personal injury, property damage, or economic loss shall be joined as an additional party to the action. K.S.A. 1993 Supp. 60-258a(c). To obtain a judgment against each of the tortfeasors, it is now necessary for a plaintiff to join all tortfeasors in one action. *Brown v. Keill*, 224 Kan. 195, 580 P.2d 867 (1978).

It was the intent of the legislature to fully litigate all causes of action and claims for damage arising out of any act of negligence when it enacted 60-258a. The provision for determining the percentage of causal negligence against each person involved in a negligence action contemplates that the rights and liabilities of each person should be determined in one action. Because all issues of liability are determined in one action, there can be no reasonable argument that the issues should be relitigated. Likewise, there is no reasonable argument for the proposition that a claim for damages arising out of one collision or occurrence should not be presented at the time negligence is originally determined. *Eurich v. Alkire*, 224 Kan. 236, 238, 579 P.2d 1207 (1978).

K.S.A. 1993 Supp. 60-258a allows all possible parties to be brought into a single lawsuit to fully and finally litigate all issues and liability arising out of a single occurrence and to apportion the amount of total damages among those parties against whom negligence is attributable in proportion to each party's degree of fault. All who are named as parties and who are properly served are bound by the adjudication of the percentage of causal negligence. Because each party has a right to cross-claim against any or all other parties to the lawsuit, any party who fails to assert a claim against any other party in a comparative negligence action is forever barred. *Mathis v. TG&Y*, 242 Kan. 789, 791, 751 P.2d 136 (1988).

Under the doctrine of comparative negligence, all parties to an occurrence must have their fault determined in one action. *Albertson v. Volkswagenwerk Aktiengesellschaft*, 230 Kan. 368, Syl. ¶ 3, 634 P.2d 1127 (1981); see *Eurich v. Alkire*, 224 Kan. at 238. Where the statutes compel the parties to bring multiple claims together in the same lawsuit, it can hardly be said that adoption of an aggregate damage rule would lead to a multiplicity of lawsuits just to obtain statutory attorney fees.

The claims brought by Markham against Bland, Chapman, and Chavez were compulsory counterclaims and cross-claims in the action under K.S.A. 1993 Supp. 60-213(a) because they arose out of the same occurrence that was the subject of Chavez' claim. It

is clear that whatever fault Chavez bore for the accident was intertwined with the fault of Bland, Chapman, and Markham.

The purpose of K.S.A. 1993 Supp. 60-2006 is to promote prompt payment of small but well-founded claims and to discourage unnecessary litigation of certain automobile negligence cases. *Pinkerton v. Schwiethale*, 208 Kan. 596, 599, 493 P.2d 200 (1972). The intent of 60-2006 is to require defendants to inquire, to investigate, and, if warranted, to make an offer to settle the claim. *Darnall v. Lowe*, 5 Kan. App. 2d 240, Syl. ¶ 5, 615 P.2d 786 (1980). When a claimant sues multiple parties for damages arising from an automobile accident and joinder of the parties is compulsory, the $7,500 jurisdictional limit for recovering attorney fees under 60-2006 is measured by the aggregate of all damages claimed by the prevailing party against all other parties. It is improper for a litigant to file multiple suits arising out of the negligent operation of a motor vehicle in order to obtain attorney fees under 60-2006.

Under the facts of this case, aggregating damages follows the legislature's intended purpose in enacting 60-2006. The district court and Court of Appeals properly denied the claim for attorney fees pursuant to 60-2006 because the prevailing party sought recovery of damages against all other parties joined in the action in excess of $7,500.

The judgments of the district court and the Court of Appeals are affirmed.

ABBOTT, J., not participating.

DAVID PRAGER, C.J. Retired, assigned.