The Honorable Susan Wagle State Representative, 99th District 14 Sandalwood Wichita, Kansas 67230
Dear Representative Wagle:
As representative for the ninety-ninth district, you request our opinion regarding payment of expenses incurred in the contest of an election for state representative. Specifically, you ask whether such expenses may be paid from appropriations for legislative operations.
The 1994 election for state representative for the seventy-ninth district put to rest the philosophy that one vote is irrelevant. Following several recounts, the incumbent was declared to be elected by a one-vote margin. The challenger filed a notice of contest pursuant to K.S.A. 25-1434 et seq. The district court reviewed the matter and determined that each candidate received 3,031 legally cast votes. In its final order regarding this matter, the district court determined that the costs of the contest should be waived and stated that the costs, including a reasonable sum for attorney fees, should be paid by the state of Kansas in a special appropriation therefore. The challenger was ultimately determined the winner of the election when he drew the designated color of backgammon chip during a tie-breaking ceremony.
Contained within the provisions of 1995 senate bill no. 95 (S.B. 95) was an appropriation permitting payment of the costs of the contest of election for state representative for the seventy-ninth district. S.B. 95, however, remains in conference committee. For this reason, you ask whether the costs of the contest of election may be paid from appropriations set forth in section 3 of chapter 255 of the 1994 session laws or section 3 of 1995 house bill no. 2085 (H.B. 2085).
The procedure for contesting elections is set forth in K.S.A.25-1434 et seq. K.S.A. 25-1452 provides:
 "If the election be confirmed or the contest be dismissed, judgment shall be rendered against the contestant for all costs. No costs shall be rendered against the contestee unless found responsible for any of the provisions in (a) through (f) of K.S.A. 25-1436. The court, in the interests of justice may waive any costs assessed pursuant to this section in which case the costs shall be paid by the state from any appropriations therefor. Payment by the state shall be made by the director of accounts and reports upon voucher therefor approved by the clerk of the district court." (Emphasis added.)
The power to appropriate money belonging to the state, rightfully in the state treasury and over which the legislature has the rightful control, is a legislative power, and, except as is restricted by the constitution, the legislature has the exclusive power to direct how, when and for what purpose the public funds shall be applied in carrying out the objects of the state government. State ex rel. v. Fadely, 180 Kan. 652, Syl. sec. 4 (1957). Pursuant to section 24 of article 2 of the Kansas constitution, "[n]o money shall be drawn from the treasury except in pursuance of a specific appropriation made by law." The term "specific appropriation made by law" is construed to mean an authority from the legislature given at the proper time and in legal form setting apart a specific sum of money out of the state treasury to proper officials to apply in a given period of time to a specific object or demand against the state. Fadely,180 Kan. at 652, Syl. sec. 5.
Section 3 of chapter 255 of the 1994 session laws and section 3 of H.B. 2085 provide appropriations for operations, including official hospitality, of the legislature. Therefore, in order to determine whether payment of the costs of the election contest may be paid from appropriations set forth in L. 1994, ch. 255, sec. 3 or H.B. 2085, it must be determined whether such costs constitute operations of the legislature. A fundamental rule of statutory construction is that the purpose and intent of the legislature governs. In re Tax Appeal of Collingwood Grain, Inc.,257 Kan. 237, Syl. para. 5 (1995). It is presumed the legislature understood the meaning of the words it used and intended to use them in their ordinary and common meaning. Chavez v. Markham,256 Kan. 859, Syl. para. 2 (1995). The Kansas Supreme Court has indicated that operation of a public entity is "to maintain it in a manner to effect accomplishment of results appropriate to the nature of the enterprise." Concordia-Arrow Flying Service Corp.v. City of Concordia, 131 Kan. 247, 250 (1930) (emphasis added). Indications of those items intended to be included as operations of the legislature are provided in the budget statements regarding the legislature. Such items include salaries and wages, contractual services, commodities, and capital outlay. The legislature has not included within appropriations for operations of the legislature costs incurred in the contest of an election. Therefore, the costs incurred in the contest of election in the seventy-ninth representative district may not be paid from appropriations set forth in L. 1994, ch. 255, sec. 3 or H.B. 2085.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm