The Honorable Darlene Cornfield State Representative, 90th District State Capitol, Rm. 115-S Topeka, Kansas 66612-1504
Dear Representative Cornfield:
As representative for the ninetieth district and chairman of the joint committee on pensions, investments and benefits, you request our opinion regarding K.S.A. 1995 Supp. 74-4988. Specifically, you ask whether the statute requires a member to retire under all retirement plans administered by the board of trustees for the Kansas public employees retirement system (KPERS) before becoming eligible to receive benefits from KPERS. You also ask, if this is the proper interpretation of the statute, whether such a requirement violates section 10 of article 1 of the United States constitution, the fifth and fourteenth amendments to the United States constitution, and similar provisions in the Kansas constitution or state law.
The board of trustees for KPERS administers a number of public employee retirement systems, including the retirement system for judges, K.S.A.20-2601 et seq., the Kansas public employees retirement system (KPERS), K.S.A. 74-4901 et seq., and the Kansas police and firemen's retirement system (KPF), K.S.A. 74-4951 et seq. K.S.A. 20-2601a; K.S.A. 1995 Supp. 74-4909; K.S.A. 74-4953. In addition, some retirement plans for public employees were merged into KPERS, thereby becoming subject to administration by the KPERS board of trustees. See K.S.A. 74-4934
(Kansas school retirement system); 74-4978f (state highway patrol pension board); 74-49,100 (retirement system for court reporters). Benefits payable under the retirement systems administered by the KPERS board of trustees include retirement benefits, disability benefits and death benefits. Eligibility to receive benefits under any of the retirement systems is based on the age of the member, time of service with the participating employer, or a combination of the age of the member and the years of service with the participating employer. The legislature has prescribed varying age and service requirements for the benefits payable under the different systems. See K.S.A. 1995 Supp. 74-4914; 74-4951; K.S.A. 74-4951a; K.S.A. 1995 Supp. 74-49,104.
K.S.A. 1995 Supp. 74-4988 provides in part:
 "(1) Each person who is a member of a retirement system and who becomes a member of another retirement system shall receive credit under each such retirement system for credited service under the other retirement system for the purpose of satisfying any requirement for such person to complete certain periods of service to become eligible to receive a retirement benefit or disability benefit or for such person's beneficiaries to receive a death benefit. The retirement benefit which a person becomes eligible to receive under a retirement system shall be based only on credited service under such retirement system, except that the determination of final average salary under such retirement system shall include the compensation received as a member of each other retirement system if such compensation is higher. Such retirement benefit shall become payable upon the member submitting an application to retire under each system." (Emphasis added.)
The interpretation of a statute is a matter of law and it is the function of the court to interpret the statute to give it the effect intended by the legislature. State v. Schlein, 253 Kan. 205, 209 (1993). When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. Chavez v. Markham, 256 Kan. 859, syl. ¶ 2 (1995).
Pursuant to subsection (3)(b) of K.S.A. 1995 Supp. 74-4988, retirement system includes KPERS, KPF, and the retirement system for judges. Under the provisions of K.S.A. 1995 Supp. 74-4988, a member of one of the three retirement systems set forth in subsection (3)(b) is permitted to combine any credited service under all three designated retirement systems in achieving the number of years of credited service necessary to receive benefits under the member's retirement system. The provision reviewed here, however, clearly requires when a member combines service under more than one retirement system in order to achieve eligibility to receive benefits, the member must submit an application to retire under each retirement system before benefits become payable.
State retirement systems create contracts between the state and its employees who are members of the systems. Galindo, 256 Kan. at 468;Brazelton v. Kansas Public Employees Retirement System, 227 Kan. 443, syl. ¶ 1 (1980); Singer v. City of Topeka, 227 Kan. 356, 363 (1980);Shapiro v. Kansas Public Employees Retirement System, 216 Kan. 353, syl. ¶ 1 (1975). As a member of the retirement plan, the employee-member gains certain rights which may not be eliminated or substantially changed by unilateral action of the government employer to the detriment of the employee-member. Galindo, 256 Kan. at 468. The rights are substantial and are vested and are subject to the protection afforded by the contract clause of section 10 of article 1 of the United States constitution.Singer, 227 Kan. at 365; Brazelton, 227 Kan. at 451. The unilateral retroactive change of vested retirement benefits under an employment contract by a governmental employer to the disadvantage or detriment of its employees without a counterbalancing benefit violates the contract clause of the United States constitution if the change is substantial.Brazelton, 227 Kan. at 451. Likewise, the contractual interests of the members are afforded statutory protection under K.S.A. 1995 Supp. 74-4923.
 "(a) No alteration, amendment or repeal of this act shall affect the then existing rights of members and beneficiaries but shall be effective only as to rights which would otherwise accrue under this act as a result of services rendered by an employee after alteration, amendment or repeal." K.S.A. 1995 Supp. 74-4923.
The fact that members of a public retirement system may have vested rights in a retirement plan does not preclude modification or amendment of the plan. The state may make reasonable changes or modifications in pension plans in which employees hold vested contract rights, but changes which result in disadvantages to employees must be accompanied by offsetting or counterbalancing advantages. Galindo, 256 Kan. at 468;Singer, 227 Kan. at 367. The reasonableness of legislative changes is to be measured by the advantage or disadvantage to the affected employees as a group or groups; the validity of a change is not dependent upon the effect on each individual employee. Singer, 227 Kan. at 367.
Opinions of the Attorney General in which it was determined legislation violated the vested interests of members of KPERS addressed situations in which the legislation provided only the offending provision. See
Attorney General Opinions No. 95-73; 95-23; 94-59. The provision of K.S.A. 1995 Supp. 74-4988 reviewed here was enacted in a house bill containing 43 sections. See L. 1995, ch. 267. As the enactment included among its provisions sections which lowered the percentage of salary a member was required to contribute, L. 1995, ch. 267, § 2, expanded the definition of military service, L. 1995, ch. 267, § 3, increased the amount of compensation receivable before retirement benefits were affected, L. 1995, ch. 267, §§ 8, 22, and made payable to a retirant's beneficiary the death benefit payable under K.S.A. 1995 Supp. 74-4989, L. 1995, ch. 267, § 27, the enactment may have included offsetting or counterbalancing advantages to the group of affected members. A determination of whether the provision set forth in L. 1995, ch. 267, § 26 violates the vested interest of members of KPERS involves a question of fact which must be determined by a court of law. If the enactment which includes a provision requiring members to retire from all retirement systems before being eligible to receive retirement benefits from KPERS includes offsetting or counterbalancing advantages to the effected group of members, the provision does not result in a violation of vested contractual rights of the members.
In review, K.S.A. 1995 Supp. 74-4988 requires when a member of the Kansas public employees retirement system (KPERS), the Kansas police and firemen's retirement system (KPF), or the retirement system for judges combines service under more than one retirement system in order to achieve eligibility to receive benefits, the member must submit an application to retire under each retirement system before benefits become payable. A determination of whether the provision set forth in L. 1995, ch. 267, § 26 violates the vested interests of members of KPERS involves a question of fact which must be determined by a court of law. If the enactment which includes a provision requiring members to submit an application to retire from all retirement systems before being eligible to receive retirement benefits from KPERS includes offsetting or counterbalancing advantages to the effected group of members, the provision does not result in a violation of vested contractual rights of the members.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm