Leonard J. Dix Rooks County Attorney 3rd Floor, Rooks County Courthouse Stockton, Kansas 67669-1663
Dear Mr. Dix:
As Rooks County Attorney, you have requested our opinion regarding the sale of a county vehicle used by an undercover agent. More specifically, you inquire whether the vehicle may be sold at private dealers' auction and whether the county must publish notification of the sale as required by K.S.A. 19-211.
K.S.A. 19-211 controls the sale of county property and states in pertinent part as follows:
 "(d) Upon a finding by the board that any property is no longer required, or cannot prudently be used for public purposes of the county, the board, by a unanimous vote, may sell or dispose of such property, the value of which does not exceed $50,000, by public or private sale or by negotiation, as determined by the board. Notice of the board's intent to sell or dispose of such property shall be published at least two times in the official county newspaper. Such notice shall include the time, place and conditions of such sale or disposition." (Emphasis added.)
A fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be determined. Martindale v. Tenny, 250 Kan. 621, 626
(1992). "Where a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be." Chavez v. Markham,256 Kan. 859, Syl. ¶ 2 (1995).
K.S.A. 19-211(d) clearly provides for a private sale, however you state that the county wishes to sell the vehicle at a private dealers' auction. K.S.A. 1996 Supp. 8-2401(bb) defines a dealers' auction as follows:
 "`Auction motor vehicle dealer' means any person who for commission, money or other thing of value is engaged in an auction of motor vehicles except that the sales of such motor vehicles shall involve only motor vehicles owned by licensed motor vehicle dealers and sold to licensed motor vehicle dealers, except that any auction motor vehicle dealer, registered as such and lawfully operating prior to June 30, 1980, shall be deemed to be and have been properly licensed under this act from and after July 1, 1980. For the purposes of this subsection, an auction is a private sale of motor vehicles where any and all licensed motor vehicle dealers who choose to do so are permitted to attend and offer bids and the private sale of such motor vehicles is to the highest bidder." (Emphasis added.)
Because K.S.A. 1996 Supp. 8-2401(bb) limits dealers' auctions to selling only vehicles owned by licensed dealers, the county cannot sell its vehicle at such auction.
Your second question concerns whether the county must publish notification of the sale. The provisions of K.S.A. 19-211(d) were enacted by the Legislature in 1989. L. 1989, Ch. 82, § 1. Legislative committee discussion indicates that the public notification requirement was included to inform the public about the disposition of county property. See Minutes, Senate Committee on Local Government, February 14, 1989. We found no record of discussion regarding a county's exemption from the publication requirements. In fact the Legislature has specifically prohibited counties from using their home rule powers to exempt themselves from the provisions of K.S.A. 19-211 or to effect changes in those statutory provisions. K.S.A. 19-101a(20).
Therefore, it is our opinion that a board of county commissioners may not exempt itself from the public notification requirements for the sale of a county vehicle used for undercover operations. A general description of the vehicle to be sold, as well as the time, place and conditions of the sale, should be submitted to the official county newspaper for publication at least twice. Because the statute does not require specificity, it may be possible for the county to frame the notification to meet the requirements of K.S.A. 19-211(d) while preserving the identity of the vehicle and the undercover agent.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Donna M. Voth Assistant Attorney General
CJS:JLM:DMV:jm